LANGDON *vs.* BUEL.

An instrument giving security upon a chattel for the payment of a debt at a future day, providing for the continuance of the possession of the debtor until that day, and on non-payment of the debt authorizing the creditor to take possession, is a *mortgage* and *not a pledge*, although, instead of the ordinary terms of conveyance, the words used be, " I hereby *pledge* and *give a lien* on," &c.

A mortgagee of personal property, upon the failure of the mortgagor to perform the condition of the mortgage, acquires an absolute title to the property.

If a mortgagee of personal property assigns the debt to secure the payment of which the mortgage is given, whether the same be done *before* or *after* forfeiture, the interest of the mortgagee passes to the assignee ; and if the property be taken by a stranger, *trespass* must be brought in the name of the assignee, and not in the name of the assignor.

THIS was an action of *trespass de bonis asportatis,* tried at the Ontario circuit in September, 1829, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The action was brought to recover damages for the selling of a steam engine by the defendant as sheriff of Ontario, under an execution against one Chester Francis. On the 25th July, 1828, the plaintiff having sold to Francis a steam engine, and Francis having failed to give good endorsed notes for the balance remaining due to the plaintiff, as he had agreed to do, the plaintiff took Francis' own notes, one for $257,02, payable in six months, an.i the other for $200; payable in nine months from the 1st April, 1828, and received from him a mortgage of the steam engine. The instrument, after reciting the giving of the notes, ran thus: " Now, therefore, for securing the payment of said notes, I hereby *pledge* and *give a lien* on the said engine to the said Langdon, and in case the notes are not paid, hereby consent that Langdon shall hold the same as security and to save himself harmless ; it being understood that I keep possession of the same until the time arrives for the payment of the notes, and in case the same are not paid, Langdon may take the same." On the 4th April, 1829, a deputy of the defendant levied on the engine by virtue of an execution in favor of one Stafford against

Francis, and in *June* thereafter, by virtue of the same exe-
cution, sold it. Previous to the delivery of the property to
the purchaser, the sheriff had notice of the claim under the
mortgage. The defendant produced the exemplification of
the record of a judgment in favor of one *Samuel Pitcher*
against *Chester Francis*, docketed the 8th May, 1829, from
which it appeared that the judgment was obtained on the
notes given by Francis to Langdon at the date of the mort-
gage, and that they were transferred to Pitcher in the course
of trade and business. The defendant also produced an ex-
ecution issued on the judgment in favor of Pitcher, and de-
livered to the sheriff on the 13th May, 1829. The engine
was sold after the receipt of this last execution, but it did not
sell for enough to satisfy the execution in favor of Stafford.
It was proved that this suit was brought for the benefit of
Langdon and his creditors, but that the recovery, if any,
would go to Langdon solely. On the trial, it was insisted for
the defendant that the plaintiff was not entitled to sustain the
action, for that the instrument produced by him was a *pledge*
and *not a mortgage*, and that the plaintiff had transferred
his interest to Pitcher. A verdict was taken for the plain-
tiff for $600, subject to the opinion of the court.

*B. F. Butler*, for the plaintiff. The instrument executed
by Francis was a valid security; and whether it be consid-
ered as a *mortgage* or as a *pledge*, Francis, at the time of
the levy and sale, had not such an interest in the engine as
could be taken in execution. It is not a *pledge*, for it is es-
sential to a pledge that the property pledged should be de-
livered to the pawnee. 2 *Caines' Cas. in Er.* 200. It is a
*mortgage;* it contains all the requisites of a mortgage; it
expressly gives a lien until the notes become due, and after
that, Langdon is authorized to take possession. A mortga-
gor before forfeiture may retain possession, and his interest,
whatever it is, may be sold. 3 *Wendell*, 498. After for-
feiture, his interest ceases, the right of the mortgagee be-
comes absolute, and he may reduce the property to posses-
sion. 1 *Pickering*, 389. 3 *Cowen*, 200, *n.* 4 *id.* 461.

NEW-YORK,
May, 1832.

Langdon
v.
Buel.

The action was properly brought in the name of Langdon allowing the debt to have been assigned. The mortgage passed as an incident to the debt, and Pitcher could not enforce it otherwise than in the name of Langdon; it was not such an instrument as authorized Pitcher to bring the suit in his own name; but if the action might have been brought in his name, he might, if he chose, bring it in the name of Langdon.

*J. C. Spencer*, for defendant. No right of property in the engine was transferred by the instrument to the plaintiff. It was neither a sale, a mortgage, nor a pledge. If it be considered a sale, the possession of Francis after the notes became due was inconsistent with the instrument, and it was therefore fraudulent and void as against creditors. 2 *T. R.* 587. 3 *Cowen*, 166. 2 *Wendell*, 446. It was not a mortgage, for it is essential to that species of security that a *present interest* should pass. Here a lien was given, but no interest passed to Langdon until the notes became due; until then due, he had no interest which he could dispose of. 10 *Johns. R.* 472. 12 *id.* 246. It was not a pledge; for to render that operative, there should have been a delivery. The case of *Holmes and others* v. *Crane*, 2 *Pick.* 610, contains a summary of the whole law on this subject, and supersedes the necessity of looking into any other cases. Whether, therefore, Francis had or had not an interest in the engine the subject of sale is immaterial; unless the plaintiff shews a right of recovery, the action cannot be maintained. Whether the instrument was a pledge or a mortgage, it was an incident to the debt and necessary thereto, and could not subsist in Langdon after he had assigned the debt. 5 *Cowen*, 202. The judgment in favor of Pitcher is conclusive evidence that the notes were assigned previous to becoming due; and if so, the mortgage passed as an incident to the debt. If the notes were not assigned until after due, then the mortgage had become absolute; it had ceased to be a chose in action, and the property passed to Pitcher by operation of law. 7 *Cowen*, 292. If Pitcher was a mere nominal plaintiff in the judgment, that fact should have been shewn.

*Butler*, in reply. A right or interest in the engine passed as effectually by the instrument as if it had been formally a mortgage; for in such case possession could not have been taken until after forfeiture. The words " I hereby *pledge* and *give a lien* upon," &c. shew the intent of the party, by expressing the legal effect of a mortgage. The word *pledge* is not technical, applying particularly to that species of security; it is as appropriate to a mortgage as to a pledge. 1 *Domat's Civil Law*, 330, *art.* 1. As to a *present interest* not passing, there is nothing in the law forbidding a conveyance of personal property to take effect *in futuro*. From the evidence, it is manifest that Langdon is in fact the owner, and nothing is therefore to be apprehended from the conflicting claims of Pitcher.

*By the Court*, SUTHERLAND, J. The instrument executed by Chester Francis to the plaintiff on the 25th of July, 1828, was clearly designed by the parties to be a mortgage upon the steam engine, which Langdon had previously sold him, and was intended to secure the balance of the consideration money remaining unpaid for it. It has all the essential atttributes of a mortgage of personal property; it recites the original purchase of the steam engine from the plaintiff, the payment of part of the consideration money, the giving of two notes for the balance, and then states that for securing the payment of said notes, the said Francis hereby pledges and gives a lien on said engine to said Langdon, and in case the notes are not paid, the said Langdon shall hold the same as security and to save him harmless; the said Francis, however, to retain the possession until the notes shall become due, and if they are not paid, then the said Langdon to take possession of said engine. It has all the attributes of a mortgage, and none of those of a pledge as distinguished from a mortgage. *Brown* v. *Bement*, 8 *Johns. R.* 96. The last of these notes became due the 1st of February, 1829, and the engine was sold by the defendant on the 13th of June, 1829, under an execution against Francis, and as his property, received by him on the 4th of April preceding. A mortgagee of personal property, upon the failure of the mortgagor to perform the condition

of the mortgage, acquires an absolute title to the chattel. This is well established to be the legal effect and operation of a mortgage of personal property. *Brown* v. *Bement*, 8 *Johns. R.* 96. *Ackley* v. *Finch*, 7 *Cowen*, 290.

The notes which this mortgage was given to secure, appear to have been assigned or transferred to one Pitcher. When they were so transferred does not appear. But it is shown that he obtained judgment upon them in his own name against Francis, on the 8th May, 1829. Did not the mortgage pass with the notes as incident to them, and should not this action have been brought in the name of Pitcher instead of Langdon? I do not perceive how such conclusion is to be resisted. A mortgage of either real or personal estate is but an accessary or incident to the debt, or the security which is given as the evidence of the debt. The assignment of the security passes the interest in the mortgage. The mortgage cannot exist as an independent debt. If by special agreement it does not accompany the security assigned, it is *ipso facto* extinguished, and ceases to be a subsisting demand. This doctrine is fully considered in the case of *Jackson, ex dem. Barclay & Bayard*, v. *Blodget*, 5 *Cowen*, 202, where the principal cases are collected. 2 *Burr.* 978. *Barnard. Ch. R.* 90, 93. 1 *Johns. R.* 590. 4 *id.* 43. *Powell on Mortg.* 1115, 16. If the notes were assigned or endorsed to Pitcher before they became due and before the mortgage was forfeited, the inchoate interest of the mortgagee must have passed with them. If the transfer of the notes was after they fell due and subsequent to the forfeiture of the mortgage, then the assignment operated as a transfer of the interest of the mortgagee, Langdon, whatever it might have been, in the mortgaged chattel; and in either aspect, the action of trespass should have been brought in the name of Pitcher. If Pitcher was a mere trustee for Langdon, that fact should have been proved upon the trial.

Although this is a case subject to the opinion of the court, it may be proper to give the plaintiff the election of a new trial, upon payment of costs. If he does not signify such election in thirty days, then judgment is given for the defendant.