PHINEAS ATWATER *v.* WILLARD MOWER.

A writing in the following words, "Burlington, Feb. 12, 1833. Turned out and delivered to P. A. one white and red cow, which he may dispose of in 14 days, to satisfy an execution, J. M. *v.* me. (signed) W. M";— Held to be a mortgage in the absence of all proof to explain it.

THIS was an action of trover, to recover the value of a cow. Plea—Not guilty.

On the trial of the cause in the County Court, the plaintiff offered in evidence a writing, signed by the defendant, which is as follows ; "Burlington, Feb. 12, 1833. Turned out and "delivered to P. Atwater, one white and red cow, which he "may dispose of in 14 days, to satisfy an execution, Jacob "Maeck *v.* me.                       Willard Mower."

He also proved, that at the date of said writing, he was constable of Burlington and continued to hold that office until March following; that when the defendant gave said writing, plaintiff had in his hands for collection, as constable, an execution in favor of Jacob Maeck and against the defendant for $9,83, dated Dec. 14, 1832 ; that a day or two before the expiration of the life of the execution, the plaintiff paid said Maeck the amount of it ; that the defendant was the owner of the cow when said writing was executed ; that the plaintiff left her in the defendant's possession and in the fall of 1833, the defendant sold her. No demand of the cow was made by the plaintiff of the defendant, before the commencement of the suit.

The defendant offered to prove, that the cow in question was the only cow owned by the defendant at the time the said writing was executed, but the court rejected the evidence. Upon these facts, the defendant requested the Court below to charge the jury ;—

That no such property passed to the plaintiff as would enable him to maintain this action ; that if the cow was turned out, to be sold by the plaintiff, on said execution, if the plaintiff did not levy the execution, in its life, on the cow, or if a levy was made, and abandoned, before the sale of the cow by the defendant, the right of the plaintiff to the cow was lost, and the subsequent sale of her, by the defendant, was not a conversion ; that, if the turning out of the cow to the plaintiff was not a mere license to levy, but a personal

contract between the parties, then the plaintiff ought to have pursued the terms of the contract, and sold the cow in 14 days from the date of said writing, or in a reasonable time thereafter, or his right to the property would be lost; that if it was part of the contract; that plaintiff should let the execution expire in his hands, and take the cow as an indemnity, the contract was void.

The Court refused so to charge the jury, but instructed them, that the writing, given by the defendant to the plaintiff, was, in the absence of all proof to explain it, a pledge, or mortgage, of the property to the plaintiff, and that the plaintiff was entitled to recover, unless the jury should find that the plaintiff had relinquished, or given up, his claim to the property. The jury returned a verdict for the plaintiff, and the defendant excepted to the decision and charge of the County Court.

*Hyde & Peck*, for the defendant.

1. If the writing, given by the defendant to the plaintiff, was any thing more than a license to the plaintiff to levy the execution referred to, upon the cow in question, it was a *pledge.* It was neither a *sale*, nor a *mortgage*, of the cow. Story on Bail. 197. *Holmes et al.* v. *Crane.* 2 Pick. 607. *Barrow* v. *Paxton*, 5 Johns. 258. *Brown* v. *Bement et al.* 8 Johns. 75, 96. *Gifford* v. *Ford*, 5 Vt. R. 533. *Wood* v. *Dudley*, 8 Vt. R. 433.

2. A pledge is a bailment of personal property, as security for some debt or engagement, either with or without a limited time for redemption. The general property is in the pledgor, and only a special property passes to the pledgee, and the right to redeem the pledge continues until the pledgee shall have made a legal disposition of the property. Story on Bail. 197-8, 234, 5. Powell on Mort. 4. *Jones* v. *Smith*, 2 Ves. 378. *Garlick* v. *James*, 12 Johns. 146. *McLean* v. *Walker*, 10 Johns. 471. *Jones* v. *Baldwin*, 12 Pick. 316.

The power given to dispose of the property, in 14 days, cannot give the contract the character of a mortgage, [as a power of sale, without judicial process, is incident to a pledge. Story on Bail. 207, 9. Holt's N. P. C. 335. *Hart* v. *Ten Eyck*, 2 Johns. Ch. R. 62, 100. *Tucker* v. *Wilson*. 1 P. Wms. 261. 1 Kent's Com. 583.

3. The contract being a pledge, the plaintiff acquired no property in the cow, for want of a delivery, and where the thing pledged is delivered to the pledgee, a re-delivery of it to the pledgor determines, *ipso facto*, the special property created by the bailment. 16 Viner, 263. Story on Bail. 201, 244. Kent's Com. 591. *Holmes* v. *Crane*, 2 Pick. 607. *Portland Bank* v. *Stubbs & Gibbs*, 6 Mass. R. 422. *Costelyon* v. *Lansing*, 2 Caines' Cas. 200. *Fletcher* v. *Howard*, 2 Aikens' R. 115, See 8 Pick. 238.

4. To maintain trover, the plaintiff must have either a general or special property in the goods, accompanied with actual or constructive possession. A mere right of posssession, acquired by contract, is not sufficient,. *Hunter* v. *Rice*, 15 East, 100. *Mucklow* v *Mangles*, 1 Taunt. 318. *Holliday* v. *Camsel & White*, 1 T. R. 658. *Ludden* v. *Leavitt*, 9 Mass. R. 104. *Dilenback* v. *Jerome*, 7 Cow. 294. 1 Ch. Pl. 48. *Hotchkiss* v. *McViker*, 12 Johns. 403.

The general rule is, that a special property must be accompanied by possession, and the exceptions to this rule are limited to cases where the actual possession is in a third person, who has no interest in the property. *Roberts* v. *Wyatt*, 2 Taunt. R. 268.

5. The contract is *nudum pactum*. The writing, given by the defendant to the plaintiff, does not import a consideration, and the fact that the plaintiff, as constable, had an execution against the defendant for collection, does not constitute a consideration.

6. Whatever right of property the plaintiff acquired, by virtue of the contract, he lost by not pursuing the terms of it. He should have sold the property in 14 days. A neglect to sell in a reasonable time, was an extinguishment of the plaintiff's right, and gave the defendant a right to rescind the contract. *Patten* v. *Smith*, 5 Con. R. 196, 201. *Adams* v. *Richards*, 2 H. Bl. 573. Chitty on Cont. 275.

7. The plaintiff could acquire no interest in the property, without perfecting his right, by an actual levy, followed up by a legal sale. He could not, by a voluntary payment of the execution in his hands, convert the license to sell, into a personal contract. *Reed* v. *Pruyn & Staats*, 7 Johns. R. 415. *Brown* v. *Cook*, 9 Johns. R. 361.

If the Court could not, as matter of law, construe the

contract to be a mortgage, the evidence offered by the plaintiff should have been submitted to the jury, for them to determine, whether the intention of the parties was to give the plaintiff a license, merely, to levy on the cow, or whether the intention was to remunerate the plaintiff for money paid, by him, on the execution. On this question, the evidence offered by the defendant, and rejected by the Court, was admissible, inasmuch as the plaintiff resorted to parol evidence to explain the written testimony, and give validity to it. Ch. on Cont. 23. 3 Starkie's Ev. 1000, 1047.

*J. Maeck*, for plaintiff.

The sole question in this case, is, whether the original contract is to be treated as a mortgage, or a pledge. If it was a mortgage, the judgment must be for the plaintiff, if a pledge, then it falls within the decision of *Fletcher* v. *Howard*, 2 Aikens 115. Contracts, undistinguishable in their terms, have sometimes been construed to be mortgages, and at other times pledges, as would best effect the intentions of the parties, and subserve the purposes of justice.

Courts always construe contracts, so as to effect the intentions of the parties, if they can do so without violating some stubborn rule of law. Chitty on Con. 19. *Hotham* v. *E. India Co.* 1 T. R. 645. Comyn on Con. 37. *Porter* v. *Shepherd*, 6 T. R. 668. *Campbell* v. *Jones*, 6 T. R. 572. *Morton* v. *Lamb*, 7 T. R. 126. *Pugh et ux.* v. *Duke of Leeds*, Cowp. 714. *Goodtitle* v. *Bailey*, Cowp. 600. *Parkhurst* v. *Smith*, Willes, 332.

The intention of the parties, in this instance, was to place the property in such a situation, that it would secure the plaintiff for the liability he was under for the defendant. The doctrine, advanced in the cases cited, enables the Court to sustain that intention, without doing violence to any established rule of law.

Formerly, courts leaned strongly in favor of construing contracts to be pledges, rather than mortgages, because, in mortgages, the title became absolute on condition broken, and in pledges, the pledgee could sell; but now, they are both put on the same footing; the surplus, in either case, belongs to the mortgagor, or pledgor. Story on Bail, 197, 8.

The following cases, some of which are wholly undistinguishable from the present case, and others strongly

analagous, fully show, that the contract, in this instance, amounted to a mortgage. *Brown* v. *Bement,* 8 Johns. 75, 96. *Langdon* v. *Buell,* 9 Wend. 80. The words of the contract, in the last case, were, " I pledge and give a lien." To the same point, *Ferguson* v. *Union Furnace Co.* 9 Wend. 345. *Patchin* v. *Pierce,* 12 do. 61. *Ackley* v. *Fish,* 7 Cow. 290. *Ward* v. *Sumner,* 5 Pick. 59. *Holmes* v. *Crane,* 2 Pick. 607. *Barrow* v. *Paxton,* 5 Johns. 261. Story on Bail. 202. *Marsh* v. *Lawrence,* 4 Cow. 461.

The opinion of the Court was delivered by

WILLIAMS, C. J.—This case depends wholly on the construction we may give to the writing, executed by the defendant to the plaintiff. The plaintiff was a constable of the town of Burlington, and, as such, had an execution in favor of Mr. Maeck, against the defendant, dated 14 December 1832, and about a day or two before it was out, he paid the amount of the same to Mr. Maeck, the creditor, and at nearly the same time, the defendant executed the writing in question, which is as follows :—

" Burlington February 12, 1833.

Turned out and delivered to P. Atwater, one white and red cow, which he may dispose of in fourteen days, to satisfy an execution Jacob Maeck *v.* me.

(Signed)                    Willard Mower."

The cow was left in the possession of the defendant, who afterwards, in the fall of that year, disposed of her.

If the transaction was nothing more than a turning out of property, to be levied on, which, without such turning out by the defendant, was not subject to be levied on, the plaintiff, by neglecting to levy, advertise, and pursue the other requisites of the law, has lost any claim which he might have had to the same. If it is to be construed as a pledge, then by permitting the cow to go back into the possession of the defendant, or to remain with him, the title of the plaintiff is extinguished.

Of the first supposition it may be remarked, that neither the official character of the plaintiff, nor the fact of his having as an officer, any such execution, to collect, is recognized or noticed. It is not required, nor supposed, that he was to levy and satisfy the execution after posting the cow, as the law directs. If such had been the views of the

CHITTENDEN,
January,
1838.
————
Atwater
v.
Mower.

parties, nothing more would have been necessary than for the defendant to consent, that the plaintiff should levy the execution on the cow, and if this consent was put in writing, it would have been nothing more than turning out the property to the plaintiff, as constable, to be levied on. The writing itself does not import that the plaintiff, as constable, was to levy on the property in question, nor does the evidence show any such intention on the part of the defendant, and when it is considered that the plaintiff, about the same time, and before he was liable thereon, paid the execution we cannot say that nothing more was intended by the writing, than to turn out the property on the execution.

The want of delivery, or the re-delivery, shows that a pledge was not contemplated.

It appears to us, that the only construction, which can reasonably be given to the writing, in connection with the fact of the payment by the plaintiff, is to treat it as a mortgage, with a power to sell. No particular form of words are requisite to constitute a mortgage, and although the parties may make use of terms, which would imply something else, yet, if it is apparent that a mortgage was intended, the court will so construe it. The case of *Langdon* v. *Buell*, 9 Wend. 80, shows, that the words "I pledge and give a lien," were not considered as decisive of the character of the writing, but the writing was considered as a mortgage, because such was evidently the intent.

In the case before us, there was a consideration, either that the plaintiff then had paid, or would immediately pay, the execution in favor of Mr. Maeck. The cow was turned out and delivered to the plaintiff, not as constable, but to him personally, as a creditor; having become such by payment to Mr. Maeck already made, or to become so, by payment thereafter to be made. And after fourteen days, the plaintiff was authorized to dispose of the property, thus turned out, in such manner as he thought proper, either by private or public sale, to satisfy the execution. The defendant was at liberty, at any time within fourteen days, to satisfy the execution, by payment to the plaintiff. After that time, the property became absolutely the plaintiff's, and he was at liberty to dispose of it in such way as he thought proper.

Having this view of the case, we consider the charge of the Court below correct, and the judgment of the County Court is, therefore, affirmed.

COLLAMER, J.—Dissenting: