DE LEON *v.* HIGUERA AND WIFE AND O'DONNELL *et als.*

ALTHOUGH it does not appear from the record on appeal that a demurrer to the complaint was formally disposed of, yet, if it does appear in the statement that one of the errors relied on is "the ruling of the Court on the demurrer, and that the same should have been sustained ;" and if the appellant went to trial without insisting on a disposition of the demurrer, he cannot object in the Supreme Court that the demurrer was not formally disposed of.

A subsequent purchaser of land mortgaged is a proper if not necessary party to a foreclosure suit ; and if the complaint be faulty in praying to hold him as trustee of the mortgagor, on account of fraud in the purchase, such defect cannot be reached by demurrer.

*Query*, whether in a foreclosure suit in the Seventh District as to land situate in Contra Costa county, a party can appear and contest the case in San Francisco, before the Judge of the Seventh District, under a stipulation, and without exception as to the place of trial, and afterward assign that fact as error.

Bill avers, in substance, plaintiff to be holder of several notes and mortgages executed to him by defendants, H. and wife, and that defendant, O'D., proposed to plaintiff to buy said notes and mortgages for a certain sum, which plaintiff agreed to take ; that O'D. desired, before closing the purchase, to see H. and wife, and learn whether they could be induced or compelled to pay the notes, asked plaintiff for the notes and mortgages to show H. and wife, and that plaintiff delivered them to him, relying on his honesty ; that O'D. saw H. and wife, who were illiterate, and by representing himself as the owner of the notes, etc., which he exhibited, by threatening to sue, etc., induced H. and wife to give him an absolute deed in fee simple of the mortgaged premises for one hundred dollars, the premises being worth many thousands of dollars ; that O'D. then returned the notes, etc., declined purchasing of plaintiff, and concealed the fact of having a deed from H. and wife ; that all this was a fraud on plaintiff ; that O'D., in taking said deed, acted as agent and trustee of plaintiff, and for his benefit, and should have taken the deed in his name ; that in equity said O'D. ought to declare such trust, and execute a deed of the property to plaintiff ; that, on account of a defect in the record of one of the mortgages, it does not impart notice, etc., and that if O'D. should sell the property, as he is trying to do, to an innocent purchaser, such sale would injure plaintiff irreparably. Other parties are made defendants, as claiming some interest subsequent to plaintiff. Complaint prays for injunction against O'D., that said trust be declared, that he execute a deed to plaintiff, that H.'s wife execute to plaintiff such further conveyance and assurance and release of equity of redemption as may be just in satisfaction of said mortgages, and that all defendants be barred, foreclosed, etc. ; *or* that the deed by H. and wife to O'D. be declared void and canceled, and he be foreclosed of all equity of redemption thereunder ; and if such deed be canceled, that then plaintiff have judgment against H. and wife on said notes, that all the defendants be barred, etc., and premises sold to pay the judgment, etc. O'D. demurs that inconsistent causes of action are united. *Held*, that the demurrer is not well taken,

that the allegations of the complaint make out a homogeneous case as against all the defendants, to wit: a right to enforce the mortgages, and to a decree of foreclosure binding subsequent claimants, of whom O'D., by his purchase, is one, with notice of the mortgages.

*Held,* further, that O'D. cannot set up either the invalidity of the mortgages given by H. and wife—who release errors—or the title acquired by him from them, and that he holds the property in trust for plaintiff.

The notes and mortgages in this case were properly admitted in evidence, against the objections of O'D., as showing the history of the transaction, and his connection with the property, as also the consideration of the last mortgage, which was given as security for money then loaned, and for the money previously loaned, and secured by three previous mortgages on the same land.

A subsequent purchaser of property mortgaged, with actual notice of the mortgage, cannot object to defects in the registry thereof.

A mortgage describing the land as " the rancho of her property, in the place known by the names of ' Laguna de los Palos Colorados,' or ' Santa Clara,' in Contra Costa county," and stating the land to be the half league the mortgagor acquired from the grant to her first husband, Juan Bernal, which grant is before the U. S. Land Commission for confirmation, is not void for uncertainty in description.

No particular words are necessary to create a mortgage. The words " we mortgage the property," when accompanied by a provision for the sale of it in case the money, recited in the instrument as being thus secured, be not paid, are clearly sufficient.

The property of the wife may be mortgaged by joint deed of herself and husband for the debt of the husband.

APPEAL from the Seventh District.

Bill in equity to foreclose four mortgages executed by defendants, Higuera and wife, or for certain other relief.

A stipulation was entered into that the testimony in the case be taken by the Judge of the Court in which the cause was pending, in the city of San Francisco, and that the cause be argued and tried in said city by said Judge, sitting as a Court without jury, and that he file his finding as to all issues of law and fact, as if tried at Martinez, the county seat of the county in which the suit was brought; judgment to be entered in term or vacation upon the findings being filed, and all errors, by reason of the place of trial, being released.

The complaint, verified, sets forth the notes, obligations and mortgages sued on, copies of which were annexed to and made part of the complaint. These instruments were as follows:

1. A mortgage to Francisco Galindo, dated January 16th, 1854, to secure the payment within one month of the sum of $1,100, with

De Leon *v.* Higuera.

interest at five per cent. a month until paid; recorded January 16th, 1854.

This mortgage contains an acknowledgment of the debt and a direct promise to pay.. The mortgaged property is described as follows: " The rancho called ' Santa Clara,' in the county of Contra Costa, the property of the said Encarnacion Soto, in half with her children. We also mortgage all our property, present and future."

2. Mortgage to plaintiff, dated June 5th, 1854, to secure the payment of $2,000 in sixty days, with interest at seven and a half per cent. a month.

The mortgaged property was described as " her right and share of the land of the rancho which she owns, situated in the place known by the name of ' Laguna de los Palos Colorados,' which is in the said Contra Costa county."

3. Mortgage dated September 28th, 1854, to secure the payment of eight hundred and thirty dollars in thirty days, with interest at seven and a half per cent. a month. It recites and recognizes the mortgage of June 5th, for $2,000, and the description of the mortgaged premises is the same as in that instrument.

4. Mortgage dated October 4th, 1854, to secure the payment in thirty days of five hundred dollars, with interest at seven and a half per cent. a month; and also to secure the payment of all the other debts and moneys in the said notes and mortgages mentioned. The mortgaged premises are described as " all the right and share of the said Encarnacion Soto in and to the land of the rancho of her property in the place known by the name of ' Laguna de los Palos Colorados,' or ' Santa Clara,' which is in the said Contra Costa county."

It contains covenants of warranty against the acts of the grantors, and also the following clause in ratification and affirmance of the other debts and mortgages, and in further assurance thereof:

" The indenture of mortgage made to the party of the second part shall be considered as part of the other two mortgages that the parties of the first part have executed to the said party of the second part, one for the sum of $2,000 and interest thereon, on the fifth of June last, and the other on the twenty-eighth of September last proximo, for the sum of eight hundred and thirty dollars and interest thereon.

" The present indenture of mortgage is intended also to secure the said sum of five hundred dollars, and interest thereon until full payment shall be made, and if so made, then this shall be void; but in

case of default in the said payment of five hundred dollars, and the interest thereon, the said party of the second part, his executors, administrators, and assigns, are hereby authorized to sell the property above described, or any part thereof, in the manner prescribed by law, and out of the money arising from such sale he shall retain for himself the sum of five hundred dollars, and the interest thereon, together with the other two mentioned sums; and in addition to this, the sum of $1,100, which was assigned to the said party of the second part by Francisco Galindo, together with all the expenses and costs that may accrue by reason of said sale." Promissory notes accompanied the last three mortgages.

The complaint alleges the due execution and delivery of all the notes and mortgages, the assignment to plaintiff of the Galindo mortgage, copy of which was also annexed, the ownership of all by plaintiff, and that the same were due and payable.

It sets forth a defect in the certificate of acknowledgment of the mortgage, dated June 5th, and alleges that all the other mortgages, at their respective dates, were duly and severally acknowledged by the said Higuera and wife before a Notary Public, and certified by him in due form of law, for the conveyance of the separate estate of married women, and thereupon duly recorded in the proper county.

The complaint alleges that the lands and premises in the several mortgages mentioned and described are identical; that the same were commonly called, and publicly known and described under the names " Santa Clara," or " Laguna de los Palos Colorados," and set forth by metes and bounds a more full and particular description thereof.

That the appellant, O'Donnell, whilst carrying on a pretended negotiation with plaintiff for the purchase of the said notes and mortgages, obtained the temporary possession thereof, and availing himself of such possession, on the eighteenth day of February, 1857, for the nominal consideration of one hundred dollars, fraudulently procured from the said Higuera and wife a conveyance to himself of their equity of redemption in said mortgaged premises, by exhibiting to them the said notes and mortgages, pretending that he was the owner thereof, and would cancel and satisfy the same; that the said O'Donnell thereupon redelivered to the plaintiff his said notes and mortgages, but concealed the fact of his purchase; that in thus procuring the said conveyance, said O'Donnell was plaintiff's agent; that plaintiff had offered to reimburse him for his expense and trouble in the premises; and that his acts and proceedings were in fraud of the plaintiff's rights.

De Leon v. Higuera.

Plaintiff annexed to his complaint a copy of the said conveyance from Higuera and wife to O'Donnell, in which the premises conveyed were described as their "right, title, interest, estate, in and to the one-fourth of the rancho known as 'Laguna de los Palos Colorados,' or 'Santa Clara,' in the county of Contra Costa." Plaintiff also alleges that the other defendants were subsequent incumbrancers, with due notice of his mortgage, and subject thereto.

O'Donnell demurred, on the grounds—I. That the complaint does not state facts sufficient to constitute a cause of action, in this—1st. That the description of the land in the several mortgages was too indefinite to give a lien on any particular tract. 2d. That no facts are set forth sufficient to establish a trust in favor of plaintiff; that if the intention of the complaint be to show fraud, it does not show that any one was defrauded; and if the intention be to establish a sale of the notes and mortgages to this defendant, the complaint is deficient in not setting forth the purchase money to be paid; and in not confining the prayer to a judgment for that sum, and tendering the mortgages. II. That the complaint unites several causes of action in the same count, and joins causes of action requiring different judgments, in this—1st. It tends to establish a trust in defendant O'Donnell in favor of plaintiff, and prays for substitution of plaintiff in place of O'Donnell, with which trust the other defendants have nothing to do. 2d. It tends to establish fraud in defendant O'Donnell, and to cancel the deed to him, which affects him only of the defendants. 3d. It asks to foreclose a mortgage against all the defendants—making three different judgments.

There is no entry in the record showing that the demurrer was over-ruled; but among the grounds of appeal, one is, "the ruling of the Court on demurrer, and that the same should have been sustained."

Higuera and wife made default, some of the other defendants simply denied all knowledge or information, and others still disclaimed.

Higuera and wife made default; Agard, Reid, and Ewell denied all knowledge or information, and the other defendants disclaimed.

The answer of O'Donnell "denies the validity of the first mortgage as a lien upon any particular land;" denies that he acted as the agent of the plaintiff in procuring the conveyance from Higuera and wife, and denies the fraud, but admits all the other material allegations of the complaint. It also sets up other matter in defense or avoidance, not material to state, because not proved, or because not passed on by the Court.

De Leon *v.* Higuera.

On the trial, before evidence was offered, O'Donnell moved that plaintiff be required to elect which of the remedies set forth in the complaint he would pursue; whether he would consider O'Donnell a subsequent purchaser and incumbrancer, and proceed to foreclose his mortgage, or whether he would proceed against him as having purchased the equity of redemption for plaintiff's benefit, and seek to be substituted in his place as owner thereof—the remedies being inconsistent, and repugnant to each other.    Overruled, O'Donnell excepting.

Plaintiff offered in evidence the three notes and four mortgages, set forth in Spanish, with English translations in the complaint.    Defend ant O'Donnell objected, 1st, that they were not proven as the notes and mortgages of Higuera and wife; 2nd, that the mortgages were not made in the name of Mrs. Higuera, but of " Soto ; " 3rd, that they are not properly acknowledged and certified ; 4th, that they are void as to third persons, for uncertainty of description of the land ; 5th, that the record of them in the Spanish language does not impart notice.  Objections overruled, O'Donnell excepting.    The notes and mortgages were then read in evidence.    Plaintiff then introduced various witnesses, O'Donnell excepting, to prove the boundaries of the land, as described in the mortgages, and they testified, in substance, that the names of the land as stated in the complaint were well known, and indicated definite boundaries, which the witnesses gave.

Evidence was also given, O'Donnell excepting, of the custom among native Californians for wives to retain their maiden names, and sign them, unless requested to sign in the name of the husband.

It was proven that O'Donnell went with the notes and mortgages to Higuera and wife, represented himself to be the owner thereof, that suits could be brought on them, but that her interest was small, and that he would rather give her something than the lawyers.    It was finally agreed that O'Donnell should give one hundred dollars cash, and a deed of three hundred acres of the land, for a deed of the whole tract to himself.    O'Donnell, during the negotiation, showed Higuera and wife a mortgage from them to himself, which they admitted to be correct, complaining at the same time of plaintiff's mortgages not being good, and as for too much—more money than they received.

Defendant introduced a witness, who stated he had never heard the land, described in the mortgages, called " Santa Clara," etc.

A decree was rendered in favor of plaintiff for the sum of $17,286 against Higuera and wife, with foreclosure against all the defendants,

De Leon *v.* Higuera.

and a sale of the premises, subject to redemption, and execution for the balance. The decree recites that the cause having been tried before the Court without a jury, by consent, and the allegations and proofs of the parties being heard, and the Court being satisfied that there is still due plaintiff from defendants, Higuera and wife, upon the said notes and mortgages, the sum of $17,286 25; that the said mortgages were duly executed by the said Higuera and wife; that from the date of their execution they were valid liens and incumbrances upon the property particularly described in the complaint, of which the said defendants had due notice, and that none of the said defendants, except the said Higuera and wife, had any interest or right in the said premises, except such right or interest as had been acquired by them subsequent to the lien of said mortgages, and with notice thereof, and subject thereto.

O'Donnell alone appeals, having first waived a new trial. Higuera and wife filed a release of errors and waiver of appeal. Prior to the taking of the appeal by O'Donnell, the judgment was executed in part by a sale of the premises for $1,000, and the time for redemption having expired, the Sheriff has since executed his deed to the purchasers.

*H. Allen,* for Appellant.

1. The notes are void as to the wife of Higuera. (*Simpers* v. *Sloan,* 5 Cal. 457; 2 Kent Com. 140; *Row* v. *Kohle,* 4 Cal. 285.) A mortgage is a mere incident to a debt, the only effect of a mortgage being to give the mortgagee priority of payment. But this presupposes that the mortgagee had a right to avail himself of the property by execution without a mortgage. Execution, however, cannot issue against a wife's separate property for the debts of the husband, because the statute exempts it from seizure for his debts. (Wood's Dig. 488, art. 2608.) A husband and wife may by their joint deed convey her real estate. (Wood's Dig. 100, sec. 2; Id. 102, sec. 19.) No covenants in such conveyance bind her, except so far as is necessary to operate as a conveyance. (Wood's Dig. sec. 20.) These statutes limit the wife to the act of transfer, to the act which passes title from her. Such was the common law. (2 Blac. 353.) Now, a mortgage of real estate is not a conveyance, so as to enable the mortgagee to recover possession without foreclosure and sale, (Wood's Dig. 201, sec. 260) and forced sale of the wife's property for the husband's debts is not permitted.

32

The complaint shows no cause of action against the wife, and the demurrer is good.

2. The action is brought to recover money on the express contracts of defendants, Higuera and wife, and for the foreclosure of mortgages, and also, to compel O'Donnell to execute a trust—clearly a misjoinder of causes of action.

3. The notes and mortgages were not admissible in evidence—the mortgages not being acknowledged by the wife, separate and apart from her husband, the record of them in the Spanish language not imparting notice, and the uncertainty of description rendering them void.

4. The instruments contain no operative words of alienation, and are not good as mortgages.

*D. O. Shattuck,* also for Appellant.

I.   The papers set up as mortgages are not such, because containing no words of conveyance or condition, which fact distinguishes this case from the case of *Woodworth* v. *Guzman* (1 Cal. 203) in this, that there the word " transfer " was used.

II.   The third mortgage, so called, is void for fraud, because, though executed for eight hundred and twenty dollars, the real consideration was two hundred dollars ; the whole transaction is unconscionable, and ought not to be enforced in equity.

III.   None of these pretended mortgages are signed by the legal name of the mortgagor.   They are recorded in the Spanish and not in the English language  (3 Cal. 185 ; 5 Id. 315) ; and they are void for uncertainty of description.   The land is not sufficiently known by either of the names given it in the mortgages.   In short, it has no common, well known name, and no specific boundaries were fixed by the witnesses.   It is called by several names.   And third persons are bound only by the description in the papers, as recorded.   (*Mesick* v. *Sunderland,* 6 Cal. ; *Montrose* v. *Conner,* 8 Id.)   If O'Donnell had notice of these mortgages, it was notice of void papers.   There is no trust ; Higuera and wife declared to O'Donnell that these mortgages were worthless, and they did not influence the trade between him and them.

*Hoge & Wilson,* also for Appellant.

1. The record shows an issue at law upon the defendant O'Donnell's demurrer to the complaint undisposed of, and still pending undetermined.

2. The demurrer, thus still pending, was well taken, and should have been sustained, and the bill dismissed.

3. The trial and hearing and argument of the case, by stipulation of a portion of the parties, were had in the city and county of San Francisco, before E. W. McKinstry, Judge of the Seventh Judicial District, at the office of the attorney for the complainant, and out of the territorial limits of the Seventh District. The whole' proceeding was, therefore, *coram non judice* and void, and could not be the foundation of any decree.

4. The complaint contained several distinct and inconsistent causes of action, not separately stated, and the Court erred in refusing to compel the party, on the motion of the defendant, to elect upon which cause he would proceed.

5. The Court erred, in admitting in evidence the several notes and mortgages, against the objections of the defendants.

6. The complaint shows, that the several instruments purporting to be mortgages, were given for the wife's real estate, her separate property, owned by her before her marriage with the defendant, Higuera, and there was no proof that either of them was ever acknowledged by the wife, and they were, therefore, absolutely void, and should have been excluded according to the prayer of the defendants.

7. It affirmatively appeared on the face of the record that the alleged mortgage of the fifth of June, 1854, given for the $2,000 note, bearing seven and a half per cent. per month interest, were never acknowledged by the wife in the manner provided by law, so as to pass her estate, and was, therefore, absolutely void; and yet it was admitted by the Court in evidence, although objected to by defendants, and carried into the final decree, thus swelling the amount by many thousands, and the lands ordered to be sold for its payment.

8. The Court erred in admitting in evidence, and carrying into the decree, the amount of the $1,100 instrument, dated sixteenth January, 1854, the same being absolutely void as to the wife. It was a mere contract for the payment of money, and not a conveyance of the wife's interest in her lands, and could not be enforced against her or any one claiming under her.

9. The said several mortgages were improperly admitted in evidence against the objection of the defense, and could not be subjects of foreclosure against the wife's land, because they were not conveyances, and did not pass her interest in the lands, and could not be enforced as against her or any one claiming under her.

10. The said several instruments alleged to have been executed by Higuera and wife, were absolutely void, as against the wife, and cannot be set up and enforced in this proceeding against her or any one claiming under her.

11. The said decree and the whole thereof is erroneous, illegal and void, and particularly because the Court rendered final judgment against Higuera and wife for the whole amount of the said several claims, and ordered the land to be sold, and execution against both for the balance.

12. The original instruments offered in evidence were written in the Spanish language, and recorded, if at all, in that language, and were not notice to the defendants, who were subsequent incumbrancers.

13. The said alleged instruments were void for uncertainty as against the defendants, subsequent incumbrancers, and operated no notice to them as to what particular land they were intended to cover.

*H. W. Carpentier*, for Respondent.

1. O'Donnell can take advantage only of errors to his own prejudice· (11 Cal. 707 ; *Conroy* v. *Woods*, 13 Cal.) The judgment below has been executed, the property sold, and the purchasers cannot be affected by proceedings on this appeal. (*Farmer* v. *Rogers*, 10 Cal. 335.)

2. O'Donnell's demurrer was to the prayer of the complaint, and hence not good. (*Rollins* v. *Forbes and Wife*, 10 Cal. 299.) Besides, going to trial on the merits waived the demurrer. (1 Cal. 206 ; Id. 470 ; Id. 481.)

3. As owner of the equity of redemption, he was a proper and necessary party. (4 Pet. 190 ; 10 Cal. 547 ; 11 Id. 307 ; *Haffley* v. *Maier*, 13 Id.)

4. The money was received by Higuera and wife, and further, she can mortgage her property for his debts. (Act concerning Conveyances, secs. 19, 36 ; Act concerning Husband and Wife, sec. 7.) The complaint charges the mortgages to have been duly executed and acknowledged, and this is not denied in the answer ; nor are they a part of this record, and this Court cannot say that the Court below was wrong in holding them good.

5. The mortgage of Oct. 4th, 1854, covers the others, and was properly acknowledged. (*Whitney* v. *Buckman*, 13 Cal. ; *Pfeiffer* v. *Riehn*, Id.)

6. The language "I, Encarnacion Soto, and my husband, Ramon

Higuera," in the body of the mortgages, with her signature, "Encarnacion Soto," shows that the wife of Higuera signed them.

7. As to the objection, that the mortgages were recorded in Spanish. 1st. The Constitution of this State recognizes the Spanish language equally with the English. (Const. art. xi, sec. 21.) 2nd. The Recording Act provides for the registry of ancient deeds, executed under the Spanish law, and hence in the language of the country. (Act concerning Conveyances, sec. 41.) 3rd. O'Donnell having had these mortgages in his actual possession when he procured his deed, knew their contents, and registry is not necessary.

8. The description of the land is sufficiently certain. (*Whitney* v. *Buckman*, 13 Cal.; *Stanley* v. *Green*, 12 Id.; *Castro* v. *Gill*, 6 Id. 42; *Blake* v. *Doherty*, 5 Wheat. 359.)

9. The operative words in the mortgages are sufficient, especially when followed by a power of sale on default of payment. They show the paper to be a mortgage, a security, and not a sale or transfer. (*McMillan* v. *Richards*, 9 Cal.; *Haffley* v. *Maier*, 13 Id.; 1 Id. 203; Adams' Equity, 332 and note.) A mere equitable mortgage in writing has precedence of subsequent conveyance of the fee. (1 Johns. Ch. R. 394; see also, Bouvier's L. D. Mortgage; 15 Ala. 472; *Abbott* v. *Godfrey's Heirs*, 1 Man. 178; 2 Dessau, 564; Id. 552; 3 Id. 74; *Davis* v. *Cay*, 2 Mo. 161; 3 Met. 210; 5 Cal. 516.)

10. The mortgage of Oct. 4th, 1854, was an acknowledgment and ratification of the preceding mortgages. (1 Cowper, 201.)

11. The bill is good, though framed with a double aspect. (2 Madd. Ch. 139; Cooper's Eq. R. 14 and 15; Mitford's Ch. Pl. 40 and note (1); *Betts* v. *Betts*, Cocke, Ala. 789; 1 Milne & Craig, 603.)

*Heydenfeldt*, also for Respondent.

1. The demurrer was overruled, but if it appears to be undisposed of, it will be presumed after answer and trial to have been abandoned; answer waives demurrer. (*DeBoom* v. *Priestley*, 1 Cal. 206; *Pierce* v. *Minturn*, Id. 470; *Brooks* v. *Minturn*, Id. 481.)

2. The demurrer is confined to the relief asked in the bill, and is therefore frivolous. (*Rollins* v. *Forbes*, 10 Cal. 299.)

3. The trial and decision were at the proper place; the record cannot be contradicted; there is nothing to show that the stipulation to try at another place was performed, and the stipulation is no part of the record, and cannot be noticed for any purpose. (*Ritter* v. *Mason*, 11 Cal. 24.)

4. The separate property of the wife could be mortgaged by her, and was effectually. (Wood's Dig. 102, sec. 19 ; 104, sec. 36 ; 488, secs. 6, 7 ; *Pfeiffer* v. *Riehn and Scannell*, 13 Cal.) The acknowledgments are averred to be legal, and are not denied. (*Humphreys* v. *Mc Call*, 9 Cal. 59 ; *S. F. Gas Co.* v. *The City*, Id. 453.) The proof of the acknowledgments was conclusive, as is shown by the decree ; all intendments are in favor of the regularity and correctness of the Court of original jurisdiction.

5. The mortgage of the fifth of June, 1854, was vacated by the last mortgage. But independently, O'Donnell's fraud makes him hold the title in equity subject to the payment of that mortgage.

6. The language used constitutes the papers mortgages. (2 Story, sec. 1018 ; 2 Bouvier's Dic. 190, sec. 8 and cases cited ; *Woodworth* v. *Guzman*, 1 Cal. 203 ; *Abbott* v. *Godfrey*, 1 Mich. 180 ; *R. R. Co.* v. *Talman*, 13 Ala. 472 ; 2 Dess. 569 ; *Ricket* v. *Madeira*, 1 Rawle, 327 ; 3 Powell on Mort. 1050.) The distinction between legal and equitable mortgages does not exist in this State—all mortgages are equitable, and none convey the realty, but only pledge it. (*McMillan* v. *Richards*, 9 Cal. 365.)

7. The money judgment is personal to Higuera and wife, and the present appellant cannot avail himself of an error against them. (*Montgomery* v. *Tutt*, 11 Cal. 307 ; *Conroy* v. *Woods*, 13 Id.) Higuera and wife not only fail to complain, but have filed a release of error.

8. The description of the land is by metes and bounds ; identification with the name is matter of fact, O'Donnell's deed has the same description as the mortgages. (*Castro* v. *Gill*, 5 Cal. 42 ; *Stanley* v. *Green*, 12 Id. ; *Blake* v. *Doherty*, 5 Wheat. 359.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The defendant O'Donnell is the sole appellant here. We think the points taken by him are not sustained by the record.

1. The demurrer seems to have been disposed of. No entry expressly overruling the demurrer appears in the record ; but one of the points assigned in the statement of grounds of appeal below, seems to be the ruling of the Court on the demurrer. But as the appellant went to trial without insisting on a disposition of the demurrer, it is too late to object here that is was not formally disposed of.

2. Nor is it at all clear to us that the demurrer was well taken for

the cause assigned.   O'Donnell was a proper, if not a necessary party to the decree of foreclosure, and whether the complaint was faulty in praying to hold him as trustee or not, the complaint was not demurrable on account of this defect of the prayer.   (*Rollins* v. *Forbes et al.* 10 Cal. 299.)

3. The third error assigned, as to the place of trial, is not sustained. The stipulation does not show that the trial was not at the place appointed by law, but only that some of the parties had agreed that it should be at a different place.   But could O'Donnell appear and contest the case in San Francisco, without exception as to the place, and afterward assign this fact as error?

4. We do not understand the bill as containing causes of action necessarily inconsistent.   The prayer, or one of the prayers, *may* indicate a distinct cause of action against O'Donnell, though even this is doubtful; but the allegations of the complaint, taking them all together, make out a homogeneous case as against all the defendants, to wit: a right to enforce the mortgage, and to a decree of foreclosure binding subsequent claimants, of whom O'Donnell, by his purchase, was one. Upon any construction of the facts charged, he would occupy the position of a subsequent purchaser, with notice of the mortgage.

5. There was no error in admitting the notes and mortgages.   They were necessary to a history of the transaction, and to show a consideration for the last mortgage, and O'Donnell's connection with the property.

6. Higuera and wife do not complain of the decree, but release errors.   We cannot, therefore, consider errors in the record to their prejudice.   Nor do we see how O'Donnell, under the facts charged and proved, can claim to be a purchaser, on his own account, of this property, and set up the validity of mortgages by Higuera and wife.   It seems he got these papers from the plaintiff and took them to Higuera and wife, and claimed them as his property; and on account of so holding them and claiming them to be valid securities, procured his deed. He cannot set up this deed as against the plaintiff, by an arrangement with whom he procured them.   Any title which he got under these circumstances he would hold in trust for the plaintiff.   But the mortgage of October 4th, 1854, seems to have been sufficiently acknowledged, and to cover the amounts of the former mortgages and to validate them, at least to recognize and give them effect.   Besides, the bill charges the execution and acknowledgment in due form of the mort-

gages, and this averment does not seem to be denied in the answer. We think the land sufficiently described within the case of *Green et al.* v. *Stanley,* and no point can be made on the failure to record, because it seems that O'Donnell had actual notice.

7. Nor is the point well taken that the papers do not use apt and sufficient words to create a mortgage. No particular words are necessary to bind the property. But it is difficult to find more expressive language than the words " we mortgage the property," when accompanied by a provision for the sale of it in the event of nonpayment of money *recited* in the instrument as being thus secured.

The property of the wife may be mortgaged by joint deed of herself and husband for the debt of the husband; but the papers do not show here that this was the sole debt of the husband, or that it was not the debt of both, or of the wife. (See cases cited on briefs.)

We think there is no error in the record of which the appellant can avail himself.

Judgment affirmed.