## Case No. 8,884.

### McLEAN v. KLEIN.

[3 Dill. 113.][1]

Circuit Court, E. D. Missouri. 1875.

BANKRUPTCY — LANDLORD'S LIEN—HOW CREATED —VALIDITY AS AGAINST THE ASSIGNEE IN BANKRUPTCY OF LESSEE.

An express provision in a lease by which the lessee gives to the lessor a lien on specified personal property used by the former upon the demised premises. when not in conflict with any statute, is valid against the lessee and his assignee in bankruptcy.

[Cited in Merrill v. Ressler, 37 Minn. 85, 33 N. W. 117.]

[Appeal from the district court of the United States for the Eastern district of Missouri.]

J. H. McLean is the assignee of the lessor of certain premises demised to the bankrupt. The district court made an order allowing McLean's demand to the extent of $660 as a secured claim against the estate of the bankrupt. From this order [Jacob Klein] the assignee in bankruptcy [of Byron A. Baldwin] appeals, and makes two questions: 1st. That McLean is entitled to no lien whatever, and is to be ranked as an unsecured creditor. 2d. If he is to be treated as a secured creditor, it should have been only to the extent of $500. The material facts are these: The lease to the bankrupt was of a hotel, and reserved rent at the rate of $500 per month, payable monthly, and contained this provision for the security of the lessor: "It is further agreed by the lessee (the bankrupt), that all the furniture. crockery, cutlery, and glass by him owned and used in said hotel shall be subject to the payment of said rent reserved as aforesaid,

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

and all unpaid rent shall be construed to be a mortgage lien on the same after the same becomes due and payable." This lease was recorded long prior to the bankruptcy. The rent was paid to January 14th, 1874; on February 14th, 1874, there was one month's rent due ($500), which has never been paid. On the 28th of that month the lessee filed his petition to be adjudged a bankrupt, and the rent, at the rate agreed upon, between February 14th and February 28th would be $160, making in all $660, the sum allowed by the district court. The furniture, etc., has been sold by order of the court, and yielded more than sufficient to pay the amount of rent due.

Jacob Klein, for assignee in bankruptcy (appellant).

T. W. Stratton, for creditor.

DILLON, Circuit Judge. The clause in the lease by which the lessee, in terms, gave to the lessor a lien upon the furniture, etc., in the hotel to secure the rent reserved, was valid between the parties. Although it was declared that "all unpaid rent shall be construed to be a mortgage lien" upon the furniture, etc., yet, technically, it may be conceded there was no mortgage of the property, because no language is used to convey or transfer the title thereto.

Admitting that the instrument is inoperative as a legal mortgage, still it is effectual to create an equitable mortgage, or at least a lien in the nature of an equitable mortgage, which does not depend for its validity upon a sale or transfer of the title to the property to which it attaches, and which is good in equity as against the lessee or his assignee in bankruptcy. Whether it could be maintained against an attaching creditor, or a purchaser from the lessee without notice, I need not inquire. In essence, a mortgage is but a lien upon the property mortgaged, and it is evident here that the parties agreed that the landlord should have security for his rent upon certain personal property used upon the demised premises, and to carry that intent into effect they stipulated that all such property should be subject to the payment of the rent which should be construed to be a lien thereon. Such a provision is valid, and contravenes no statute of the state to which I have been referred. Indeed, in many of the states there are statutes giving a landlord just such a lien or right as is here provided for by the agreement of the parties.

The right in the landlord was perfect as against the bankrupt, and the assignee in bankruptcy takes subject thereto. Abbott v. Godfroy, Mann. (Mich.) 178; Holmes v. Hall, 8 Mich. 66; Hil. Mortg. c. 22; Langdon v. Buel, 9 Wend. 80; Atwater v. Mower, 10 Vt. 75. The Case of Dyke [Case No. 4,227], cited by the appellant, was probably controlled by the Michigan statute, and it was not intended by the learned judge who decided it to

deny the validity of equitable liens on property duly created by the contract of the parties, when such liens are good upon the general principles of the law and do not conflict with any statutory provision. The lien provided for in the case under consideration was broad enough to secure all rent becoming due down to the bankruptcy. Affirmed.

NOTE. By 12 & 13 Vict. c. 106, § 184, the rights inter alia of execution creditors, and of mortgagees, and of persons having a lien upon any part of the property of the bankrupt before the date of the filing of the petition or fiat in bankruptcy, are preserved. The previous statute was 6 Geo. IV. c. 16, § 108. Decisions as to rights of equitable mortgagees: Ex parte Sheppard, 2 Mont., D. & D. 431; Ex parte Anderson, 3 De Gex & S. 600; Ex parte Barnett, 1 De Gex, 194; Id. 531: Ex parte Heathcoate, 2 Mont., D. & D. 711; Id. 587; 3 Mont., D. & D. 129, 458.