SARAH E. MERRILL and others *vs.* REUBEN S. RESSLER and others.

June 13,.1887.

**Insolvency—Avoidance of Transfers by Assignee.**—An assignee under the provisions of Laws 1881, *c.* 148, may avoid transfers and mortgages of chattels by the debtor assignor when creditors of the assignor could avoid them.

**Lease—Reservation to Lessor of a Lien on Lessee's Goods—Chattel Mortgage.**—A clause in a lease of real estate, reserving to the lessor a lien for the rent on the goods and chattels of the lessee placed on the demised premises, to be enforced on non-payment of the rent, as in case of a chattel mortgage, by taking possession and sale of the property, is in its nature and effect a chattel mortgage, at least in equity, and the lease comes under the provisions of the statute requiring chattel mortgages to be filed.

The plaintiffs brought this action in the district court for Winona county, to recover rent due upon the lease described in the opinion, and to enforce a lien for the payment of the same upon the personal property in the possession of the defendant Hannibal Choate, as assignee of the defendant Ressler. The answer of the defendant Choate, among other matters, admits the making of the lease with the provision recited in the opinion, the amount due thereon, the assignment by Ressler to Choate, and that Choate is in possession thereunder, and alleges that the plaintiffs were never in possession of the personal property, and that the lease was never filed as a chattel mortgage. Defendant Choate appeals from an order by *Start*, J., sustaining a demurrer to his answer.

*Wilson & Bowers,* for appellant.

*Gould & Snow,* for respondents.

GILFILLAN, C. J.    January 17, 1884, plaintiffs rented to the defendant Ressler a store building in Winona, for two years from March 1, 1884, at the rent of $75 per month. In the lease was the stipulation: "And it is also agreed and understood between the parties aforesaid that the party of the first part shall have a lien for the rent aforesaid upon all the goods and chattels of the party of the second part

which are or may be placed upon the said demised premises, and such lien may be enforced, on the non-payment of the rent aforesaid, in the same manner as in case of a chattel mortgage, on default thereon, by taking possession of said property, and selling the same at public sale after ten days' notice of such sale."

Ressler went into possession under the lease, and remained in possession during the term of the lease, and put in the store a stock of merchandise and other property, and the same remained in the store until they were taken into possession by defendant Choate. April 13, 1886, Ressler made to Choate, pursuant to the provisions of Laws 1881, *c.* 148, a general assignment of all his property for the benefit of all his creditors. Choate thereupon accepted the trust, duly qualified as assignee, and, as such, took possession of the assigned property, including the stock of goods and other property in the store, and, as such assignee, purposes to dispose of the same in the execution of his trust. On March 1, 1886, there was due of rent, under the lease, $375, which has not been paid. The assignee refused to pay it unless proved in the insolvency proceeding and *pro rata* with the other debts proved, and refused to recognize any lien therefor on the stock of merchandise and other property in the store. The lease was never filed as a chattel mortgage.

On this statement of the case arise two questions of law: *First*, can an assignee, under Laws 1881, *c.* 148, avoid transfers and chattel mortgages of the assignor which the latter's creditors can avoid? *Second*, was the lease, so far as it gave the lessors a lien on the personal property, in effect a chattel mortgage, in such sense as to bring it within the requirements, as to filing, of Gen. St. 1878, *c.* 39? We may say that the assignee alleges other grounds, besides failure to file, for avoiding the claim of plaintiffs; but, in the view we take of the case in the matter of filing, it is unnecessary to speak of their effect.

The decision of this court in *Farmers' Loan & Trust Co.* v. *Minneapolis Engine & Machine Works*, 35 Minn. 543, (29 N. W. Rep. 349,) is nearly decisive upon the first of these questions. That was the case of a receiver of an insolvent corporation, appointed under Gen. St. 1878, *c.* 76. We held that the receiver may avoid any transfers void as to creditors. The proceeding under chapter 76 is analogous

to that under Laws 1881, *c.* 148. Its purpose is the same, to wit, to take the assets of the debtor applicable to payment of debts, and appropriate them to that purpose. But if there could be any doubt as to the power of a receiver under chapter 76 to avoid transfers void as to creditors, it could not exist as to the power of an assignee or receiver under chapter 148. Section 7, of that chapter, makes applicable to assignees and receivers appointed under the chapter all laws of a general nature applicable to receivers and assignments, not in conflict with the provisions of the chapter. This makes applicable the provisions of Gen. St. 1878, *c.* 41, § 27, which reads: "That in all cases of general assignments for the benefit of creditors, the assignee or assignees shall be considered as representing the rights and interests of the creditors of the debtor or debtors making the assignment, as against all transfers and conveyances of property which would be held to be fraudulent or void as to creditors, and shall have all the rights which such creditors would have to avoid such fraudulent conveyances and transfers."

This is conclusive of the right of the assignee to avoid such a claim as the plaintiffs make, if the creditors could have avoided it.

As to the second of the questions, there was no claim at all upon the property, unless the stipulation in the lease was, in effect, a chattel mortgage. If it amounted only to a license or power to take possession and sell, and apply the proceeds to payment of the rents, not coupled with an interest in the property, it would not follow the property, but ceased to be effectual when Ressler's power to control and dispose of the property ceased. It was not a common-law lien, nor a pledge. The lien which the law in certain cases gives upon chattels is the right of detention till the party claiming it shall be reimbursed for expenditures or labor bestowed upon them. *Oakes* v. *Moore*, 24 Me. 214, 219, (41 Am. Dec. 379.) When such right or lien is given, not by law, but by contract of the parties, it is a pledge or power. But in either case possession is essential to the creation and continuance of the lien, as much so in one case as in the other. The reason for requiring possession to sustain the lien is well stated by Kent: "If the lien was to follow the goods after they had been sold or delivered, the incumbrance would become excessively incon-

venient to the freedom of trade and the safety of purchasers." 2 Comm. 639. A chattel mortgage is a transfer of the title as security, and strictly, at law, must contain words of conveyance. But so strongly are courts inclined to so construe the agreements of parties as to make them effectual, that no formal words of transfer, and no particular form of instrument, are required to make an agreement operate as a mortgage. Even though terms are used which would imply something else, yet, if it is apparent that a mortgage was intended, the court will so construe it. *Atwater* v. *Mower*, 10 Vt. 75.

Among the cases in which the courts, some deciding according to the rules of law, and some according to the principles of equity jurisprudence, have held instruments to be chattel mortgages, though no words of transfer were used, are the following:

*Atwater* v. *Mower, supra*, in which the instrument recited that the party (who retained the possession) "turned out and delivered to P. A. one white and red cow, which he may dispose of in 14 days to satisfy an execution."

*Coty* v. *Barnes*, 20 Vt. 78. The party retaining possession, the words were, "turns out his black cow as security for said rent;" the court saying: "It cannot be supposed that the parties to this bill of sale designed that it should be inoperative, as it must have been if it is simply to be treated as a pledge of the cow."

In *Byrd* v. *Wilcox*, 8 Baxt. 65, in which (a bill of sale, both title and possession passing to the buyer) the seller retained, in terms, a lien for the price, with power to sell on default.

*Dunning* v. *Stearns*, 9 Barb. 630, was similar to *Byrd* v. *Wilcox*.

In *Langdon* v. *Buel*, 9 Wend. 80, the instrument recited the giving of certain notes by the party executing it, and continued: "For securing the payment of said notes, I hereby pledge and give a lien on the said engine to said L., and, in case the notes are not paid, hereby consent that L. shall hold the same as security, and to save himself harmless."

In *McLean* v. *Klein*, 3 Dill. 113, in a lease was a clause declaring that certain furniture "shall be subject to the payment of said rent reserved, and all unpaid rent shall be construed to be a mortgage lien on the same after the same becomes due and payable." The court

held that, not being a legal mortgage, because wanting words of conveyance, it was an equitable one, or lien in the nature of one.

In *Harris* v. *Jones*, 83 N. C. 317, the words were, "conveys a lien upon each and every of said crops."

In *Mervine* v. *White*, 50 Ala. 388, was used the word "mortgage" without any other word of conveyance.

In *Ellington* v. *Charleston*, 51 Ala. 166, the writing stated only: "We give said E. a lien on one horse Charley, to have and to hold until all the above advances are paid."

In *De Leon* v. *Higuera*, 15 Cal. 483: "We mortgage," with power to sell, if the debt should not be paid.

In *Whiting* v. *Eichelberger*, 16 Iowa, 422, in a lease the words were: "Said lessor is to have a lien on the same [furniture sold by him to the lessee] for the faithful performance of this obligation." The court said: "Equity will recognize and sustain it as a mortgage when it appears therefrom that it was so intended."

In this case there are no words of conveyance, but that the parties intended the clause to operate (and even to be enforced) in the same manner as a mortgage is evident. They intended it to be operative, and it cannot operate in any other way. It is immaterial whether it is properly designated a legal mortgage or an equitable mortgage, for in either case it comes within the statute in reference to filing. The statute does not indicate any distinction, and either as much as the other is within the mischiefs which the statute seeks to prevent.

According to the allegations of the answer, the clause of the lease reserving a lien may be avoided by the assignee.

Order reversed.