ORANGE,
March,
1842.

Grant
v.
King et al.

</div>

JOHN GRANT v. NATHANIEL KING and EDSON COMSTOCK.

Where the owner of cattle leased them, with a farm, for four years, under an agreement that, at the expiration of the four years, the lessee might either return the cattle or pay a stipulated price for them, and the lessee sold the cattle before the four years had expired, *it was held*, that such sale determined the lessee's right of possession, and that the owner might maintain trover for the cattle against both seller and purchaser.

In such case, no demand is necessary of either seller or purchaser to perfect the plaintiff's right of action, if the purchaser has converted the property to his own use.

The rule of damages, in such case, is to give the value of the cattle at the time of the sale, with interest.

TROVER, to recover the value of a yoke of oxen. Plea, the general issue, and trial by jury.

On the trial of this case in the county court, the plaintiff introduced testimony tending to show that, in the fall of 1836, Nathaniel King, one of the defendants, was living on a farm belonging to the plaintiff, and that the plaintiff let him have a pair of two year old cattle to work on the farm ; that the cattle remained in the possession of King, upon said farm of the plaintiff, until the fall of 1839, when said King sold them to Edson Comstock, the other defendant, and they were driven away by Comstock. The plaintiff also introduced testimony tending to show that the cattle, at the time of the purchase by Comstock, in the fall of 1839, were worth $60.00 or $70.00. There was no testimony tending to prove any contract between the plaintiff and King as to the manner in which King should keep the cattle, or how long, except testimony tending to show that

the plaintiff was to furnish a team for King to use on the farm. The plaintiff here rested his cause.

The defendants offered to show that, at the time King had the cattle of the plaintiff, they were estimated to be worth twenty dollars ; that King was to keep and use them four years, when he was to have the privilege of returning them, or paying the twenty dollars and interest, at his election ;—that the twenty dollars and interest was offered to the plaintiff by King, at the expiration of the four years, and refused by the plaintiff, and that the cattle remained in the possession and under the exclusive control of King from the fall of 1836 to the time he sold them to Comstock. To the testimony, thus offered, the plaintiff objected, and it was excluded by the court. It was admitted, on the trial, that the writ in the present case was served on the defendants before the expiration of the four years from the time of taking the cattle.

The defendants requested the court to charge the jury that, as there was no evidence of a demand of the cattle of the defendant, Comstock, he was entitled to a verdict. And, that in the event of a verdict against the defendants, the rule of damages should be twenty dollars and interest from the time of taking the cattle, or the value of the cattle and interest from the fall of 1836.

The court decided that it was not necessary to make a demand on the defendant, Comstock, before bringing the suit, and charged the jury that the rule of damages should be the value of the cattle at the time of the sale from King to Comstock, and interest on the same to the present time.

The jury returned a verdict for the plaintiff, and the defendants excepted to the decision and charge of the county court.

*N. Kinsman*, for defendants.

I. The tender of the twenty dollars and interest was a fulfilment of the contract on the part of the defendant, King, and entitled him to the cattle ; and if they were only bailed or leased to King, then no action can be maintained against the defendant, Comstock, he being a *bona fide* purchaser, and more especially till after the four years had expired. Day's Dig. 414. *Patten* v. *Shepherd & Palmer*, 5 Conn. R. 196. 1

Chitty's Pl. 171. *Vincent* v. *Campbell*, 13 Pickering's R. 294. *Buffington et al.* v. *Gerrish et al.*, 15 Mass. R. 149. *Soper* v. *Sumner et al.*, 5 Vt. R. 274. 22 Pick. R. 535.

Grant
*v.*
King *et al.*

II. A demand of Comstock was necessary, before bringing the suit. The case does not show that Comstock had any knowledge of the situation of the cattle between the plaintiff and King. Comstock purchased them in good faith. We insist, therefore, that if the plaintiff could support any action, he could not till after a demand on Comstock for the cattle. 13 Pick. R. 294, and the authorities before cited.

III. The rule of damages should have been the twenty dollars and interest on it, for, if King had converted the cattle to his own use, the plaintiff could not be placed in any better situation than he would have been if King had kept them till the four years were out, and then paid the plaintiff, as he had a right to do. They were kept and raised, from two years old, at King's expense, and he would, therefore, be entitled to the increased value of them.

*J. Colby* and *L. B. Vilas*, for plaintiff.

All the principles involved in this case have been substantially decided by this court in accordance with the decisions of the county court.

The testimony offered only tended to show a conditional sale, and the condition precedent to the passing of the property unperformed, at the time of the conversion by the defendants. *West* v. *Bolton*, 4 Vt. R. 538. *Bigelow* v. *Huntley*, 8 do. 151. *Swift* v. *Moseley et al.*, 10 do. 208.

The opinion of the court was delivered by

ROYCE, J. — The facts offered in evidence by the defendants would not have operated to divest the plaintiff of his general property in the oxen, though they would have constituted a bailment of them to King for four years, with the privilege of becoming the purchaser, at an under price, when the term should expire. In the meantime he would stand responsible for ordinary care in the use and keeping, and the plaintiff would be at all the risks of disease and casualty, which the bailor of such property for use commonly incurs. Such a contract would be manifestly unequal, but I shall not stop to inquire whether the plaintiff would be legally bound

to sell upon the terms supposed. Those facts would not have made out a conditional sale, since it was to be optional with King, during the four years, whether any sale should take place. In this respect the case is not as favorable for the defendants as that of *West* v. *Bolton*, 4 Vt. R. 538, was for the plaintiff.

According to several decisions of this court, the wrongful act of King, in selling the cattle, determined his right of possession and use under the contract proposed to be shown, and entitled the plaintiff to immediate possession as owner. To this point the case is identical with that of *Swift* v. *Moseley et al.*, 10 Vt. R. 208. In that case, it is true, there was evidence tending to show the sale from the bailee fraudulent on the part of the purchasers. But that circumstance does not appear to have influenced the judgment of the court, nor is it even mentioned in their opinion, as delivered by Redfield, J. The ground of the decision evidently was that the bailee had not power to transfer any such interest in the property as he undertook to convey. This authority is, therefore, equally in point for sustaining the present action against both these defendants. The case discloses no previous assertions of ownership, or right to sell, on the part of King, and much less any acquiescence in such pretensions on the part of the plaintiff. Under such circumstances it would be sufficient to say, as against the defendant, Comstock, that he bought of one who had no right to sell. And though he may have purchased without express notice of the plaintiff's property in the oxen, he was still affected by appearances,—the notorious fact that the farm was the plaintiff's, and that the oxen were a part of the stock kept upon it. The evidence offered would not have shown any legal defence to the action ; and, if admissible for any purpose, it could only be to affect the damages. The question of damages can only be raised in reference to the rejection of that evidence, for the charge was right upon the evidence which was before the jury. But the principle which restored the plaintiff's right of possession must have operated at the same time, as we think, to extinguish the supposed right of King to make the subsequent purchase. The principle is, that the bailee, by such an illegal act, not only restores the right of possession to the bailor, but also forfeits his own accruing rights under the contract.

This is the doctrine expressly held in *Farrant* v. *Thompson*, 5 B. & A. 826, and sanctioned by this court in the case already cited of *Swift* v. *Moseley et al.*

There is no color for the objection that a demand of the oxen was required in this case, as a clear conversion by both defendants was otherwise shown.

Judgment affirmed.