Coty *v.* Barnes.

---

--->●◉●<---

## MICHAEL COTY *v.* DANIEL BARNES.

An instrument in writing, by which the owner of personal property turns it out as "security" for a debt which he contracts, and by the terms of which it appears to have been contemplated, that the property should remain in the possession of the owner, is to be treated as a mortgage, and not as a pledge.

The mortgagee of personal property, who has left the property in the possession of the mortgagor, may lawfully take possession of the property, notwithstanding the mortgagor may have given a bill of sale of the same property, subsequent to the mortgagee, to a creditor, to secure a debt, and such creditor and the mortgagor have the property in their joint possession at the time when the mortgagee takes it.

TRESPASS for taking a cow. Plea, the general issue, with notice of special matter of defence, and trial by jury, September Term, 1845,—BENNETT, J., presiding.

On trial, the plaintiff having proved the taking of the cow by the defendant in January, 1845, the defendant offered in evidence a written contract, signed by himself and one Peter Landue, which

was dated April 8, 1844, and was in these words, "Daniel. Barnes 'hereby leases to Peter Landue half of his house and land, being the 'north half, at $25,00, from this date to the first day of April next. 'Said Landue agrees to pay said sum monthly, and also hereby turns 'out his black cow as security for said rent; if said rent is not paid 'as agreed, said Barnes to take the cow, if he wishes, and turn said 'Landue out of the house." The defendant also offered evidence tending to prove, that the cow claimed by the plaintiff in this suit was the same cow mentioned in said contract. It was admited, that the defendant had never taken possession of the cow until January, 1845,—which was the taking complained of. The plaintiff objected to the admission of the evidence offered, upon the ground that the contract only amounted to a pledge of the cow; but the court gave to it the effect of a mortgage, and admitted the evidence. The defendant also gave evidence tending to prove that Landue was indebted to him for rent at the time when he took the cow.

The plaintiff then gave in evidence a bill of sale of the cow from Landue to himself, dated October 16, 1844, and gave evidence tending to prove that it was executed as security for a debt which Landue owed him, and that immediately after its execution he took possession of the cow and kept her four or five days, and that then he and Landue went to reside in the same house and the cow remained in the joint possession of them both, until she was taken by the defendant.

The court charged the jury, among other things, that though they should find, that the sale of the cow from Landue to the plaintiff was for a valuable consideration, and not fraudulent in fact, yet if they found that the cow remained in the possession of Landue, or in the joint possession of Landue and the plaintiff, until the time when she was taken by the defendant, the defendant would have the same right to take her, as if there had been no sale by Landue to the plaintiff; and that the fact, that the plaintiff had taken the exclusive possion of the cow four or five days after the bill of sale was executed, would not alter the result.

The jury returned a verdict for the defendant. Exceptions by the plaintiff.

*Briggs & Underwood* for plaintiff.

The written contract, offered by the defendant, shows that the title of the cow remained in Landue; and it was consequently a mere *pledge*, and not a *mortgage*. Story on Bail. 197. 1 Pow. on Mort. 3. 4 Kent 138. *Steel* v. *Brown et al.*, 1.Taunt. 381. *Robinson* v. *McDonnell*, 2 B. & A. 134. *Jones* v. *Smith*, 2 Ves. 378. *Tuxworth* v. *Moore*, 9 Pick. 347. *Swett* v. *Brown*, 5 Pick. 178. *Townsend* v. *Newell*, 14 Pick. 332. *Whitaker* v. *Sumner*, 20 Pick. 399. *Garlick* v. *James*, 12 Johns. 146. *McLean* v. *Walker*, 10 Johns. 471. *Holmes et al.* v. *Crane*, 2 Pick. 607. *Barrow* v. *Paxton*, 5 Johns. 258. *Brown* v. *Bement et al.*, 8 Johns. 75. *Jackson* v. *Dysling*, 2 Caine 200. *Haven* v. *Low*, 2 N. H. 13. *Gifford* v. *Ford*, 5 Vt. 532. *Wood* v. *Dudley*, 8 Vt. 430. *Jenness* v. *Bean*, 10 N. H. 266. If a pledge, it is determined by remaining in the possession of the *pledgor*. 16 Vin. 263. Story on Bail. 201, 224. 2 Kent 577. *Portland Bank* v. *Stubbs*, 6 Mass. 422. Whether it is a mortgage, or a pledge, it is void as to creditors and purchasers; and the change of possession from Landue to the plaintiff is sufficient to vest the property in the plaintiff. *Tobias* v. *Francis*, 3 Vt. 425. *Russell* v. *Fillmore*, 15 Vt. 130. *Sturgis* v. *Warren*, 11 Vt. 433. *Woodward* v. *Gates et al.*, 9 Vt. 358. *Fletcher* v. *Howard*, 2 Aik. 115. *Lyon* v. *Rood*, 12 Vt. 233. Even if the possession of the cow was concurrent by Landue and the plaintiff, it is good against the claim of the defendant. *Allen* v. *Edgerton*, 3 Vt. 442. *Wilson* v. *Hooper et al.*, 12 Vt. 653. *Lyndon* v. *Belden et al.*, 14 Vt. 423. *Dewey* v. *Thrall et al.*, 13 Vt. 281. *Farnsworth* v. *Shephard*, 6 Vt. 521. To make a valid mortgage of goods, the possession must, in general, be in the mortgagee. Story on Bail. c. 5, § 288. 5 S. & R. 278. *Portland Bank* v. *Stubbs*, 6 Mass. 422. *Gale* v. *Ward*, 14 Mass. 352. *Tucker* v. *Buffington*, 15 Mass. 477. *Badlam* v. *Tucker*, 1 Pick. 389. *Bonsey* v. *Amee*, 8 Pick. 236. *Bullock* v. *Williams*, 16 Pick. 33. There have been cases, where mortgages of chattels have been held valid, without an actual possession by the mortgagee; but these stand upon peculiar grounds and are considered as exceptions to the general rule. *Homes* v. *Crane*, 2 Pick. 607. 5 Pick. 59. 5 Johns. 261. Story on Bail. c. 5, § 288. But even then, if the mortgagor, while in possession, *sell*, or

*pledge,* the property to a *bona fide* purchaser, or pledgee, his rights will be paramount to those of the mortgagee. *Lewis* v. *Stevenson,* 2 Hall 63. *Fletcher* v. *Howard,* 2 Aik. 115.

*Kasson & Buckley* for defendant.

Where there have been two sales of property to different purchasers, he who first obtains and keeps the exclusive possession prevails. *Fletcher* v. *Howard,* 2 Aik. 115. That the court gave the correct construction to the contract between the defendant and Landue we deem to have been expressly settled by the case of *Atwater* v. *Mower,* 10 Vt. 75; and this is fully sustained by *Barrow* v. *Paxton,* 5 Johns. 261; 8 Johns. 75; *Homes* v. *Crane,* 2 Pick. 607. It is manifest, from the whole tenor of the instrument, as well as from the attending circumstances, that the parties intended a mortgage.

The opinion of the court was delivered by

BENNETT, J. The case shows, that one Landue had been the owner of the cow in question, and that in April, 1844, he turned her out to the defendant, as security for the rent of a tenement, which he had hired of him. The cow still remained in the possession of Landue; and he subsequently turned her out to the plaintiff, as security for a debt he owed him. Though the plaintiff took the possession of the cow for four or five days, yet the case shows, that she then went back into the *joint* possession of Landue and the plaintiff, and that she remained in that situation until the time when the defendant took possession of her under his bill of sale, or mortgage.

It is contended, that Landue's bill of sale of the cow to the defendant is simply a *pledge* of the cow, and not a mortgage; but we think it is quite obvious, that it is to have the effect of a mortgage. The cow was turned out *as security;* and the bill of sale contemplated, that she should remain in the possession of Landue,—as in point of fact she did. It cannot be supposed, that the parties to this bill of sale designed, that it should be inoperative,—as it must have been, if it is simply to be treated as a *pledge* of the cow. To create a valid pledge, the pledgee must take the possession of the thing pledged. We think the case of *Atwater* v. *Mower,* 10 Vt. 75, fully justifies us in treating this bill of sale as a mortgage; and such

11

was doubtless the intention of the parties.    They intended, that the instrument should give the defendant a valid *lien* upon the cow.

In regard to the charge of the court, the jury were in effect told, that the defendant had the right, under his bill of sale, to take the possession of the cow, so long as she remained in the *joint* possession of Landue and the plaintiff.    We are inclined to the opinion, that this was correct.    Both the defendant's and the plaintiff's title to the cow was incomplete, against the creditors of Landue and subsequent *bona fide* purchasers from him.    There was no sufficient change in the possession of the cow.    The fact, that the plaintiff had the exclusive possession only four or five days, can be of no avail.    But the title of each is good against Landue,—no change in the possession being necessary as to him ; and it has been frequently decided in this state, that if two officers attach the same property, each leaving it in the possession of the debtor, either of them may, at any time, complete his title by taking possession, not only against third persons, but also against the other officer.    The reason is, that the *use*, or *trust*, in which the fraud consisted, is determined, when the possession is taken ; and, it being simply what is termed a *fraud in law*, the title is purged of such objection, when a substantial and visible change in the possession is effected.    The axiom " He who is first in time, is first in right" well applies in such case.    The defendant in the case now before us has not only the elder title, as against Landue, but he is first in time, in taking an exclusive possession, not only against Landue, but also against the plaintiff, who claims under a junior title from Landue.

If we then apply the same principle to *purchasers*, that has been applied between attaching creditors, the defendant might well take the possession, so long as the plaintiff's title was incomplete.    But it is said, the plaintiff had in fact the possession of the cow, when the defendant drove her away, and consequently the superior right; but it was a joint possession with Landue, and the plaintiff's title was then incomplete, except as against Landue.    The creditors of Landue might have well attached the property and thereby have acquired a right paramount to the plaintiff.    The plaintiff should not stand in any better situation, as against this defendant, than he would against attaching creditors.    Both the plaintiff's and the defendant's title was incomplete, until the defendant took the posession

of the cow. He then purged the transaction of the *fraud in law*, in relation to his own title, leaving it in full operation as to the plaintiff's title.

It is difficult to see how it can be claimed, that, as between these parties, the plaintiff has the superior title. If the defendant were a stranger to all title, the plaintiff might well stand upon his *concurrent* possession with Landue. We think, while the plaintiff's title continued incomplete against creditors, for want of a sufficient change in the possession, the defendant had the same right to complete his title, that he would have had, provided the sole possession had remained in Landue. In Buller's N. P., 258, there are two cases cited,—*Baker* v. *Loyd*, before Ch. J. Holt, and *Cowell* v. *Lane et al.*, before Buller, J.,—in which it was held, that, if a man make a bill of sale to one creditor, and afterwards to another creditor, of the same property, and deliver possession to neither at the time, and afterwards the creditor who has the second bill of sale gets the possession, and the creditor having the first bill of sale afterwards takes the property from him, the latter can maintain no action against the former. The reason assigned is, that though both bills of sale are fraudulent against creditors, yet both bind the vendor, and the elder title shall prevail. We, however, are not now prepared to put this case upon such ground, but choose rather to hold, that the relative rights of these parties are the same as would exist between attaching creditors, and that the defendant had the right to perfect his title by taking possession, so long as the plaintiff permitted his title to remain incomplete.

The judgment of the county court is affirmed.