## Seth P. Billings *vs.* Robert Tucker.

In a lease for years of a farm and stock, including a yoke of oxen and several cows, the lessee covenanted to take good and prudent care of the stock, " and to faithfully return said stock in quantity and quality to the lessor, or the value of the same in money, as the lessee may elect; said property, if retained, to be appraised by disinterested persons at the close of the contract; " and afterwards sold the oxen and two of the cows, and substituted others in their stead. *Held,* that he had no right, before the expiration of the lease, to sell the oxen and cows so substituted.

If a lessee for years of a farm and stock sells part of the stock contrary to the terms of the lease, the purchaser, after the termination of the lease by agreement of the parties thereto, though within the term named therein, is liable to the lessor in trover for the stock so sold.

Thomas, J. This is an action of tort for the conversion of a yoke of oxen and two cows.

The plaintiff, on the 1st of February 1853, made a lease of a farm to Joseph K. Snow for three years " at halves." By the lease, the plaintiff was to stock the farm with one yoke of oxen and sixteen cows, and to furnish various farming tools, &c., which were included in the lease. The lessee agrees to take good and prudent care of the stock, to pay six per cent. interest on one half of the appraised value of said stock, and one half the taxes, " and to faithfully return said stock and other personal property in quantity and quality to the said Billings, or his

Billings *v.* Tucker.

legal representatives, or the value of the same in money, as the said Snow may elect; said property, if retained, to be appraised by disinterested persons at the close of the contract."

The lessee sold some of the stock, and purchased the oxen and cows in suit in their stead. He subsequently sold to the defendant the oxen and cows so purchased and substituted. The plaintiff forbid the defendant to take them away.

Three questions seem to have been raised at the trial, though the report is not quite as clear in this respect as we could have wished.

The first was whether the oxen and cows were sold with the assent of the plaintiff. That was a question of fact, and the jury found they were not sold with his assent.

The second was whether the lessee had a right to sell the property. The presiding judge ruled "that Snow, the lessee, had no right to sell the cows and oxen put on the farm by the lessor, during the continuance of the term, except for the common benefit of both parties, and to keep the stock good upon the place; that if he did sell any of the cows and oxen for that purpose, and purchase others for the purpose of supplying the place of those sold, and substituted those, thus purchased, for those sold, the cattle thus purchased and substituted would become the property of the lessor; that if cattle were purchased by the lessee, and brought on to the farm, and the plaintiff claimed them as having been purchased by the lessee and substituted for others that he had sold, the burden of proof was on him to show, to the satisfaction of the jury, that they were thus purchased and substituted; and if he failed so to prove, they would remain the property of the lessee, and he would have a right to sell them."

If there is any error in these instructions of the learned judge, it is in being too favorable for the defendants. Snow was but the lessee or bailee of the property. His right to take the property at an appraisement was only a right, under the terms of the lease, to return the stock, or money therefor, at the close of the contract. He had no power of disposal. If he sold, it was the

property of the plaintiff which was sold; and if, with the pro-
ceeds of the sale, he purchased other stock and substituted it for
that sold, this substituted stock became the property of the plain-
tiff. This the lessee, without right, sold to the defendant, for the
payment of the lessee's own debts. Such sale, as against the
lessor, was void.

The third question is this: The defendant says that, as les-
see, Snow had the property in possession, under his lease, at the
time of the sale, and that the plaintiff could not maintain trover
during the term of the lease.

To this the answer is twofold: First, that the tenant held the
property for a special purpose only, to wit, to be used on the
farm; and by his wrongful act terminated his possession. *Far-
rant* v. *Thompson*, 5 B. & Ald. 826. The second is, that the
lease or contract was terminated, by agreement of the parties
thereto, in March 1855, and the demand and refusal was on the
6th of April following.  *Exceptions overruled.*

*R. A. Chapman*, for the defendant, contended that, as the lease
expressly gave Snow the election to return to the plaintiff either
" the stock in quantity and quality," " or the value of the same
in money," and provided for an appraisement of the stock, if
retained by the lessee, he had a right to sell even the original
stock, or, certainly, any stock since purchased by himself; and
that, if he had not such a right, still the plaintiff had no right of
possession during the term of the lease, and therefore could not
maintain this action.

*S. T. Spaulding*, for the plaintiff, cited *Grant* v. *King*, 14 Verm.
367; *Smith* v. *Niles*, 20 Verm. 315; *Downer* v. *Rowell*, 22
Verm. 347; *Lewis* v. *Lyman*, 22 Pick. 437; *Ayres* v. *Bartlett*,
9 Pick. 156; *Wheelock* v. *Wheelwright*, 5 Mass. 104; *Homer* v.
*Thwing*, 3 Pick. 492; *Hart* v. *Skinner*, 16 Verm. 138.