Hurd *v.* Fleming.

---

### C. J. HURD *v.* THOMAS FLEMING.

#### *Trespass.    Conditional Sale.*

To entitle a plaintiff to maintain trespass for personal property he must have at the time the property is taken by the defendant, either the actual possession of it, or title to it, with the right of present possession.

When property was sold by a conditional sale and the time of payment for the same by the vendee had not elapsed, and while in the possession of the vendee it was attached by one of his creditors, it was *held* that although the vendor continued the general owner of the property, yet not having the right of present possession, he could not maintain trespass for the property against the attaching creditor of the vendee.

---

---

TRESPASS for taking and driving away seventy sheep. Plea, not guilty, trial by jury.

It appeared that the plaintiff sold and delivered the sheep in question to Crawford Woodward, and took his note for the same on the 23d day of September, A. D. 1856, with a further agreement as follows:

" Received, Sandgate, Sept. 23d, 1856, of C. J. Hurd, seventy sheep, which I am to keep in good condition, provided I pay said Hurd one hundred and ninety dollars with use, on or before the first day of July next, meaning at shearing time, the said sheep are to become mine, otherwise they are to remain said Hurd's at all times and places."

Signed,              " CRAWFORD WOODWARD."

It further appeared that about the middle of October, 1856, while the sheep were in Woodward's possession, the defendant, being a creditor of Crawford Woodward, attached the sheep as his property, and drove them away.   This action was brought to recover the value of said sheep.   Upon these facts the defendant insisted that trespass would not lie.   The court KELLOGG, J., presiding, ruled otherwise, and the defendant excepted.

*H. Canfield,* for the defendant.

*A. L. Miner* and *H E. Miner,* for the plaintiff.

POLAND, Ch. J.   The law is well settled that to entitle a plaintiff to maintain trespass for personal property, he must have at the time the property is taken by the defendant, either the actual possession of it, or title to it, and the right of present possession.   At the time the sheep were taken by the defendant in this case, the plaintiff had not the actual possession of them ; they were in the possession of Woodward, under the contract of conditional sale from the plaintiff to him.

It is not questioned but that the plaintiff was the general owner at the time, and the right of the owner of personal property to make such conditional sale, and retain the general property in himself until the conditional vendee pays the price, has

Hurd v. Fleming.

been established in this state, ever since the case of *West* v. *Bolton*, 4 Vt. 558. But the defendant claims that by the proper construction of the written contract, Woodward was entitled to the possession of the sheep, until the time arrived for making payment, and that therefore trespass cannot be maintained against the defendant for taking them before that time.

Upon inspection of that contract, we are satisfied that such is its true meaning, and construction. The writing expressly provides that Woodward is to keep the sheep, and the general purpose and object of the contract could not be fulfilled, except by his having the possession of them. Such is the general expectation, and uniform course of practice in all such conditional sales of property.

The words of the contract " otherwise they are to remain said Hurd's at all times and places," mean no more than this : that the sheep are to be his, until the contract is performed by paying the one hundred and ninety dollars.

But the general owner may so part with his right to the possession of his property, as not to be able to maintain the action of trespass, for an unlawful taking of it, though his general title remains unimpaired. The law gives him an action for the injury thus done him, but as trespass lies only for an injury to the possession, he cannot maintain it. In the charge to the jury they were told the plaintiff was entitled to recover if they should find that at the time of taking and driving away the sheep, he was the general owner and had either the actual possession, or the right to immediate possession. But we understand from the whole case, that there was no evidence outside the written contract, to show that the plaintiff was entitled to the possession ; so far as there was any evidence, it entirely supported and upheld the construction we give to it. The sheep were actually delivered over under the contract, and it was arranged with the knowledge of the plaintiff, that they were to be kept on the farm where Woodward lived. It cannot, therefore, be treated as if there was any evidence in the case to which that part of the charge could properly apply, or from which the jury could have found that the plaintiff was entitled to immediate possession. It all stood upon the contract, and as already stated,

we think that gave the right of possession to Woodward. But the plaintiff insists that under the decisions in this state he can maintain the action for the taking by the defendant, though he was not entitled to the possession as against Woodward.

In most of the cases in our reports of actions brought by conditional vendors, the time had expired and the condition was broken before the taking, so this question did not rise. But there are some cases where it has arisen. In *Bigelow* v. *Huntley*, 8 Vt. 151, the plaintiff was such a conditional vendor, and it was conceded that the vendee was by the contract entitled to possession till the time of payment expired, and the property was attached before that arrived. The court were divided, but a majority held that the plaintiff could recover, but the judgment was put principally on the ground, that the property had been previously attached by another creditor, and the plaintiff had receipted it to the officer, and could recover against the last officer, upon his title as receiptor to the first. The action in that case was trover and not trespass.

*Swift* v. *Moseley et al.*, 10 Vt. 208, and *Grant* v. *King et al.*, 14 Vt. 367, are very similar in principle. The plaintiffs had leased personal property for a certain period, and the lessees, during the term had wrongfully sold the property, and in one case the plaintiff sued the tenant and purchaser together, and in the other the purchaser alone, in trover for the conversion of the property. The plaintiffs were allowed to recover in both cases, upon the ground that the tenant by such tortious sale, had put an end to his right as lessee, and forfeited all right to claim to hold the property against his landlord, and the landlord's right to the possession immediately revested.

But these cases we think, do not apply here. Woodward ward was guilty of no wrongful act, by which he forfeited any right he had under the contract, and he was just as well entitled to an action against the defendant for taking the property away from him, as was the plaintiff for the injury to his reversionary right. In short we have not been able to take this case out of the general rule, that one who has by contract parted with his right to the possession of personal property for a term, cannot

sustain trespass against one who takes it away from the person in possession, during the term. This disposition of this question renders it unnecessary to examine the other points argued.

Judgment reversed and case remanded.