BLODGETT v. BLODGETT,

[IN CHANCERY.]

*Chattel Mortgage. Chancery.*

A bill of sale whereby a debtor conveys personal property to his creditor as *security*, and which provides that the property shall remain in the debtor's possession, and he have thirty days to redeem by paying the debt, is a mortgage.

A mortgagor of personal property, after condition broken, has an equity of redemption that may be asserted if he brings his bill to redeem within a reasonable time.

A tender of the amount of the debt after the law day has passed, unaccepted, does not divest the mortgagee of his legal title to the property mortgaged; and chancery has jurisdiction to decree redemption.

When the mortgagee disposes of the property after tender made and before final hearing, so that an order for its redelivery cannot be made, a decree may be entered for the amount of the mortgagor's interest therein.

APPEAL from the Court of Chancery.

This was a bill to redeem a yoke of oxen and a mare. The bill was answered, and witnesses were examined before Ross, Chancellor, by agreement, and the following facts found :

On February 28, 1870, the orator confessed judgment in favor of one Fuller, for $151.18 damages and costs, whereon execution was issued. The judgment and execution were assigned to the defendant, and the execution put into the hands of an officer for collection, who was about to levy the same on said property, when, on April 28, 1870, the orator, to prevent said property from being taken in execution, executed a bill of sale thereof to the defendant, to secure the payment of the execution, which then amounted to $156.21, conditioned that the orator should retain possession of the property, and that he might redeem the same in thirty days by paying the amount of the execution and interest thereon, whereupon the officer returned the execution satisfied. The time of redemption was extended from time to time until June 13, 1870, when the defendant took the property from the orator's possession because the orator had failed to redeem the same within the time limited, but at the same time told the orator that he could have two weeks longer in which to redeem, and the

property was understood to be worth considerably more than the amount of the execution.

On August 29, 1870, while the property was yet in the defendant's possession, and could have been redelivered without detriment to him, the orator tendered him $170 and demanded the property. The sum tendered was sufficient to have paid the execution and interest, and for keeping the property, and all the defendant's trouble; but the defendant refused to receive the same, or to redeliver the property, and claimed that the orator had no right to redeem, and afterwards sold the property as his own. At the time the tender was made, the property was worth $225.

The court decreed that the orator recover of the defendant $57 and interest from August 29, 1870, with costs; from which the defendant appealed.

*Henry Heywood*, for the orator, cited *Coty* v. *Barnes*, 20 Vt. 78; *Washburn* v. *Washburn*, 23 Vt. 576; 2 Story Eq. Jur. ss. 1030, 1031; 4 Kent Com. 157.

*Ossian Ray*, for the defendant, cited *Smith* v. *Pettingill*, 15 Vt. 82; *Wing* v. *Hall*, 44 Vt. 118; Reeve's Dom. Rel. *386.

The opinion of the court was delivered by .

ROYCE, J. Upon the facts found by the chancellor, the bill of sale executed by the orator on the 28th of April, 1870, of the property described therein, was in legal effect a mortgage. · *Wood* v. *Dudley*, 8 Vt. 430; *Atwater* v. *Mower*, 10 Vt. 75; *Coty* v. *Barnes*, 20 Vt. 78. And, although after condition broken the legal title to the property vested in the mortgagee, the mortgagor had the right to redeem by the payment or tender of payment of the amount the mortgage was given to secure. A mortgagor of personal property after condition broken has an equity of redemption which may be asserted if he brings his bill to redeem within a reasonable time. 2 Story Eq. Jur. s. 1031; *Kemp* v. *Westbrook*, 1 Ves. 278; *Hart* v. *Ten Eyck*, 2 Johns. Ch. 100; *Charter* v. *Stevens*, 3 Denio, 33; *Patchin* v. *Pierce*, 12 Wend. 61;

*Hinman* v. *Judson*, 13 Barb. 629.  It has been claimed in argument that the orator should have sought his remedy by an action at law.

A tender of the amount due upon the mortgage after default in payment would not, at law, reinvest the mortgagor with his former title to the property.  Nothing short of an acceptance of the sum tendered would, as between mortgagor and mortgagee, extinguish the legal title of the latter in the property mortgaged.  The cases above cited are full authorities in favor of the jurisdiction of this court.  The defendant having disposed of the property mortgaged after tender of payment made, and before the final hearing, so that the court could not make an order for its redelivery to the orator, it was competent for the court to enter a decree for the amount of the orator's interest in the property.

The decree of the Court of Chancery is affirmed, and cause remanded.