ANTOINE LAVIGNE *v.* WILLIAM W. NARAMORE AND
HAWLEY A. NARAMORE.*

[ IN CHANCERY. ]

*Mortgage of Personal Property. Right to Redeem.*

On hearing on bill filed in August, 1874, to redeem a horse and other chattels, it
appeared that the orator bought the horse on December 15, 1873, agreeing in
writing to pay therefor on or before April 1, and that the horse should remain
the property of the vendors, if payment should not be made ; that at the same
time, and by the same contract, he assigned to the vendors the other chattels as
further security, and conferred upon them the same rights with respect thereto ;
that the orator having failed to pay, the defendants, to whom the vendors had
assigned their rights under the agreement, took the property from the orator's
possession, without his consent and with knowledge of his equitable claim, and
kept and used it, but did not foreclose the orator's equity, nor sell the prop-
erty, on notice to the orator. *Held,* that the contract was in legal effect a mort-
gage ; that the orator, not having been barred of his equity thereunder by fore-
closure or sale, and having filed his bill within a reasonable time, had still a right
to redeem by paying the agreed sum, less the value of the use of the property
while in defendant's possession, and the value of any part thereof by them sold
or destroyed.

*Held,* also, that it was not necessary for the orator first to tender the sum due.

APPEAL from the Court of Chancery.

The bill was brought to redeem two horses, a wagon, a sled, and
two harnesses, and was filed in August, 1874. It appeared that
on December 15, 1873, the orator purchased a horse of George
P. Howe and William Folsom for the price of $175, and on the
same day executed to them a writing wherein he acknowledged the
receipt of the horse, and agreed to pay therefor the agreed price,
with interest, on or before April 1 then next, and that the horse
should be and remain the property of Howe and Folsom, and be
at their full control and disposal, in case payment should not be
made. The orator at the same time and by the same contract
assigned to the same parties the other chattels described in the
bill as further security for the payment of the $175, with the right

* Heard at the January Term, 1878.

to dispose of the same in the same manner upon the same condition. The orator failed to make payment, and the defendants, to whom Howe and Folsom assigned their rights under the agreement, took the property from the orator's possession, without the orator's consent, and with full knowledge of his equitable claim, and kept and used it, but did not foreclose the orator's equity, nor sell the property on nqtice to the orator, nor did the orator ever part with his equity therein. Question was made by the pleadings and in evidence relative to a tender alleged to have been made by the orator, and as to an alleged false warranty of the horse as determining the sum justly due, but as it does not bear on the point decided, it is not stated.

At the September Term, 1876, the court, PIERPOINT, Chancellor, ordered and decreed that the orator was entitled to redeem the property by paying to the defendants the sum of $175, with interest thereon, after deducting therefrom the value of the use of the property while in the defendants' possession, and the value of such of the property, if any, as they had sold, used up, or destroyed ; that the matter be referred to a master for the ascertainment of the sum so to be paid ; and that the question of costs be determined on the coming in of the master's report.

Appeal by the defendants.

*L. F. Wilbur* and *O. P. Ray*, for the orator.

The orator has the same right to redeem that he would have if the property was real estate. 2 Hilliard Mort. 535, 542, *et seq. ;* 2 Story Eq. Jurisp. s. 1031 ; *Patchin* v. *Pierce,* 12 Wend. 61, *et seq. ; Blodgett* v. *Blodgett,* 48 Vt. 32.

The defendants should account for rents and profits, and for such of the property as may have been sold, &c. 1 Hilliard Mort. 448, *et seq ; Seaver* v. *Durant,* 39 Vt. 103, and cases *passim.*

The orator should recover costs, even if there should be something found due to the defendants on the accounting, for they deny their liability to account and the orator's right to redeem. *Mott* v. *Harrington,* 15 Vt. 185, 198 ; *Hills* v. *Loomis,* 42 Vt. 562.

*C. S. Palmer* and *Wales & Taft*, for the defendants.

The contract was a mortgage of the property described. *Conner* v. *Carpenter*, 28 Vt. 237 ; *Blodgett* v. *Blodgett*, 48 Vt. 32.

The legal effect of it after condition broken, was to invest the mortgagees with an absolute title. 2 Hilliard.Mort. 478, *et seq.* ; 1 Story Eq. Jurisp. s. 776 ; Adams Eq. 259 ; *Brown* v. *Bement*, 8 Johns. 96 ; *Langdon* v. *Buel*, 9 Wend. 80. Their sale to the defendants operated as a foreclosure. *Burnell* v. *Marvin*, 44 Vt. 277 ; 2 Story Eq. Jurisp. ss. 1030, 1031, and cases cited ; 1 Parsons Cont. 569 ; *Hinman* v. *Judson*, 13 Barb. 629 ; *Holmes* v. *Bell*, 3 Cush. 322.

A tender of the sum due was necessary, but none was made.

The opinion of the court was delivered by

ROYCE, J. On the 15th day of December, 1873, the orator executed a contract to Howe and Folsom by which he acknowledged he had that day received from them a horse for which he agreed to pay them the sum of one hundred and seventy-five dollars, with interest, on or before the 1st day of April then next, and that the horse should be and remain the property of Howe and Folsom, and be at their full control and disposal, in case said payment should not be made. The orator at the same time and by the same contract assigned to Howe and Folsom the other articles of personal property described in the bill, to secure the payment of said $175, with a like right to dispose of the same, if the $175 should not be paid. Payment was not made by the orator. The property has come into the possession of the defendants, and this bill is brought to redeem it.

The orator's right to the property has never been foreclosed, neither has there been a sale of the property by the mortgagee upon notice to the mortgagor, and the orator has never parted with his equitable interest in the property. The defendants claim title under a purchase of the interest of Howe and Folsom in the property, and under that claim of title they took the property out of the possession of the orator, without his consent and with full knowledge of the equitable claim that he made to it. The contract made between the orator and Howe and Folsom was in legal

Lavigne *v.* Naramore.

effect a mortgage of the property to secure the payment of $175. *Blodgett* v. *Blodgett*, 48 Vt. 32. The orator not having been barred from an equity of redemption by foreclosure or sale, he has the right now to redeem unless he has lost it by lapse of time. While it is true that the right to redeem personal property which has been mortgaged may be lost by lapse of time, it is at the same time true that there is no rule of universal application prescribing the time within which the right must be asserted. The party must insist upon his right within a reasonable time, and what is a reasonable time, must be determined from the evidence. Applying that rule we think the orator's bill was seasonably brought.

There is no occasion to notice the question made by the pleadings and in argument in relation to a tender having been made of the amount due from the orator, or of the evidence relating to that matter. There was no legal necessity for the making of a tender, and whether one was made or not is only important as affecting the question of costs. The question of costs was left by the decretal order to be determined on the coming in of the master's report on final decree. The Court of Chancery decreed that the orator was entitled to redeem the property, and referred the matter to a master to ascertain the amount due to the defendants, and directed him in ascertaining said amount to charge the defendants with the value of the use of the property while it had been in their possession and the value of such of the property as had been used up, destroyed, or sold by them.

*Decree affirmed, and cause remanded.*