Holloway v. Arnold.

HOLLOWAY, *Appellant*, v. ARNOLD.

1. **Chattel Mortgage, Modification of by Parties.** A stipulation in a chattel mortgage against the sale of the property by the mortgageor may be modified by an oral agreement so as to permit him to sell and apply the proceeds on the mortgage debt.

2. ———. Where the mortgageor sells the property without an agreement to that effect, the mere tender of the proceeds of the sale to the mortgagee will not, unless accepted by him, be sufficient to charge the latter with a waiver of his right, under the mortgage, to take possession of the property in case of sale by the mortgageor.

*Appeal from Jackson Circuit Court.* — HON. F. M. BLACK, Judge.

AFFIRMED.

*Scarrit & Scarrit* for appellant.

(1) Instruction number one, asked on behalf of the

plaintiff, should have been given by the court.   A mortgagee becomes a trespasser by going upon the premises of the mortgageor, accompanied by an officer having no legal process, and taking possession of property without the active resistance of the mortgageor.   To obtain possession under such a show or pretense of authority, is to trifle with the obedience of citizens to the law and its officers.   Jones on Chattel Mortgages, secs. 705 and 710 ;   *Thornton v. Cochran*, 51 Ala. 415 ;   *Long Dock Company v. Mallery*, 12 N. J. Eq. 93.   (2) The instructions, given by the court, of its own motion, are wrong, in that they ignored altogether the most substantial element in the case ; that is, the fact as to whether or not Arnold agreed, after the hogs were sold, to take the amount received for them by Holloway, and credit it on the note, and thus waive any breach of the condition of the mortgage, or of the verbal agreement between them by reason of such sale.   No authorities are necessary on this point, as it is one which can only be determined by an inspection of the testimony, to see whether or not there was any evidence on the point.

*Bryant & Holmes* for respondent.

(1)  No abstract of the record has been filed in this case, and the judgment should be affirmed for that reason. (2) The instruction number one, was rightfully refused for several obvious reasons.   First, it ignores the fact that appellant had, by the chattel mortgage, given express assent to the taking possession of the property, which assent must be presumed to have continued, in the absence of all evidence that it was ever withdrawn or revoked.   Second, there was no evidence that the property was taken or authorized to be taken by the constable *colore officii*.   Third, by reason of the wrongful sale of part of the mortgaged property, the whole mortgage debt became due, and in any event, the instruction prescribes the wrong measure of damages *Huggans v.*

*Fryar*, 1 Lans. [N. Y.] 276; *Saxton v. Williams*, 15 Wis. 292, 298. (3) The case cited and relied on by appellant ( *Thornton v. Cochran*, 51 Ala. 415), is not good law, and is contrary to an overwhelming weight of authority. *Nichols v. Webster*, 1 Chand. [Wis.] 203; *Saxton v. Williams*, 15 Wis. 292, 298; *McNeal v. Emerson*, 15 Gray, 384; *Fuller v. Rounceville*, 9 Foster [N. H.] 554; *Burdick v. McVanner*, 2 Denio, 170; *Patchin v. Pierce*, 12 Wend. 61; *Caty v. Barnes*, 20 Vt. 78. (4) This being an action of trover, it was immaterial whether or not force was used .in taking the property. Force is only material in an action of trespass, and by bringing an action of trover the question of force in the taking was waived. 2 Greenl. Evid., secs. 613, 636. (5) The objections urged by appellant's counsel to the instructions given by the court of its own motion are not well taken. There was no evidence, and none is attempted to be pointed out, tending in any degree to show that Arnold waived the stipulation of the mortgage, or any other stipulation against selling the mortgaged property.

NORTON, C. J.—This is an action in the nature of trover and conversion to recover damages for the alleged taking and conversion by defendant of certain personal property, consisting of hogs and cattle. The defendant in his answer admits the taking of the property, and justifies his action in virtue of a chattel mortgage on said property, executed by plaintiff to him, to secure the payment of a debt therein mentioned, which mortgage contained the following provision:

"If the said George W. Holloway shall sell or attempt to sell   *   *   *   said property at any time before said indebtedness is fully paid and discharged, whether the same be due or not, then it shall be lawful for the said J. H. Arnold, or any one in his name, to take possession of said property wherever it may be found, and sell the same in any manner that he shall think fit."

It is then averred in the answer that, of the prop-
erty so mortgaged, plaintiff, in violation of the terms,
sold certain hogs and attempted to sell certain cattle,
whereupon defendant took possession of the mortgaged
property except a few head of cattle, and sold the same
and applied the proceeds as a credit on plaintiff's note.

Plaintiff in his reply avers that after the execution
and delivery of the chattel mortgage it was agreed that
the conditions of the mortgage should be waived so far
as to allow plaintiff to sell all or any portion of the hogs
and cattle mentioned therein, and apply the proceeds on
the debt secured by it ; that after this agreement with
plaintiff defendant sold part of the hogs for one hundred
dollars, which, in pursuance of said agreement, he ten-
dered to defendant and which he (defendant) refused to
receive, in violation of said agreement.

On trial by the court, a jury being waived, judg-
ment was rendered for defendant, from which plaintiff
has appealed, and assigns for error the action of the court
in giving and refusing to give instructions.   The refused
instruction is as follows :

"1.   If you believe from the evidence that the de-
fendant, Jas. H. Arnold, procured a constable or other
officer of the law to go in and upon the lands of plain-
tiff, without writ or legal process issuing from any
judge or court whatever directing thereto, and take
therefrom and from the possession of plaintiff's agent,
the cattle and property mentioned in the petition in this
case, or any part thereof, and remove the same to some
other place and sell it, then the chattel mortgage men-
tioned in defendant's answer and introduced in evidence
in this case is no defence to this action, and you must
find for the plaintiff in a sum equal to the value of the
property so taken, as shown by the evidence at the time
the same was taken by defendant."

The following are the instructions given :

"1.   Although the mortgage may have been de-

Holloway v. Arnold.

posited with the recorder, not for immediate record, but to be held until the trade between the parties was completed, and then on notification to be recorded, still, if between the time of such deposit and the completion of the trade, the property described in the mortgage had been intrusted to the care of plaintiff, and they, the defendant and plaintiff, made a verbal modification of the mortgage to the effect that the mortgagee might sell the whole or any part of the mortgaged property and apply the proceeds on the debt without further consent, or sell the hogs and use the proceeds, then such verbal modification is valid and binding upon the parties in this suit."

"2. If the court finds that defendant did consent verbally that plaintiff might sell the hogs and apply the proceeds in payment of the note, and plaintiff sold them for that purpose and intended to apply the proceeds in payment of the note, then such consent justified the plaintiff in making the sale, and defendant has no right to take the property, and the finding should be for plaintiff. If the consent given by defendant was only that plaintiff might sell the hogs and apply the proceeds in payment of the note, and the plaintiff sold them, not for that purpose, but for the purpose and with the intent to apply the money arising from the sale to his own use or in the purchase of other property, then such sale was a breach of the mortgage and verbal consent, and defendant had a right to take the property and sell the same."

"3. If defendant consented that plaintiff might sell the hogs and use the proceeds, then the finding must be for plaintiff."

In order to pass on the action of the court in giving and refusing instructions, reference to the evidence is proper. The evidence was conflicting as to whether, after the execution and delivery of the mortgage and its deposit with the recorder, it was modified by an agreement between plaintiff and defendant, that plaintiff

might sell all or any portion of the property mortgaged and apply the proceeds on the debt secured by it. The evidence also tended to show that defendant did not take possession of the property till after plaintiff had sold some of the hogs and attempted to sell some of the cattle. It also tended to show that some time after the sale of the hogs, and before defendant took possession, plaintiff offered to pay the proceeds to defendant, which he declined to receive. It also tends to show that after defendant took possession the property was advertised for sale and was sold at a fair price at public vendue, and the proceeds applied as a credit on the note secured by the mortgage. It does not appear that any force or threats were used in taking possession of the cattle, or that the agent of plaintiff having them in charge interposed any objection. In view of these facts, which the evidence tended to establish, the court did not err in refusing the instruction inasmuch as it required the finding to be for plaintiff, even though the court may believe that he sold the hogs and attempted to sell the cattle in violation of the stipulation in the mortgage and without defendant's consent.

In support of the instruction we have been cited to section 705, Jones on Chattel Mortgages, where, after saying that upon default the mortgagee may take peaceable possession, and that the law will not allow him to commit or threaten a breach of the peace and then justify his conduct by a trial of the right of property, it is added that: "The mortgagee becomes a trespasser by going on the premises of the mortgageor, accompanied by a deputy sheriff having no legal process, and taking possession without the active resistance of the mortgageor. To obtain possession under such a show and pretense of authority is to trifle with the obedience of citizens to the law and its officers." The only case referred to as the basis for the text, as above embraced in quotation marks, is that of *Thornton v. Cochran*, 51

Ala. 415, which is wholly unlike the case in hand, for there it appears that the mortgagee had given the sheriff an indemnifying bond to levy, and went with the deputy sheriff to the premises of the mortgageor and told him they had levied on and taken possession of so much of the crop. What was then done was done *colore officii.* It does not appear in the case before us that the person who went with defendant, though a constable, was taken for that reason, or as an officer, or that anything was done whatever by color of his office.

The theory adopted by the court in trying the case, as evidenced by the instructions given of its own motion, was, that if the mortgage, after its execution and delivery, was modified by agreement to the effect that plaintiff might sell the property and apply the proceeds on the debt it was given to secure, and that if he sold pursuant to this agreement, defendant had no right to take possession of the property in question, but that if he sold the property without any agreement or modification of the mortgage, then, by its express terms, defendant had the right to take possession of the property, sell it and apply the proceeds to his debt. This theory was the correct one. *Coty v. Barnes,* 20 Vt. 78; *McNeal v. Emerson,* 15 Gray, 384; *Huggans v. Fryer,* 1 Lans. [N. Y.] 276; *Saxton v. Williams,* 15 Wis. 292-8.

There is nothing in the objection made that the instructions are erroneous, in that they ignore the fact that plaintiff tendered defendant the amount received for the hogs he sold, which defendant refused to accept. The instructions as given were more favorable in this respect to plaintiff than the case made in the pleadings, for, under the replication, the only modification of the mortgage claimed to have been made was that plaintiff should have the right to sell the property and apply the proceeds on the debt, whereas under the instructions a finding was authorized for plaintiff if it only appeared that under such modification he sold the property for

the purpose of applying the proceeds on the debt, without finding the further fact that the proceeds were either applied or offered to be applied thereon. If, on the other hand, he sold the property without any modification of the mortgage as set up in the replication, the mere tender of the proceeds of such sale to defendant would not, unless accepted by him, be sufficient to charge him with a waiver of the conditions of the mortgage, or his rights under it. *Patchin v. Pierce,* 12 Wend. 61.

Judgment affirmed, in which all concur, except Black J. who did not sit.