# JOSEPH DREW v. J. OLIN DREW.

### JANUARY TERM, 1896.

*Chattel mortgage.    Mortgagee may maintain trover against
mortgagor.*

A mortgagee under a chattel mortgage, after condition broken,
   may maintain trover against the mortgagor for selling the
   mortgaged property.

Trover.   The defendant plead the general issue and three
special pleas in bar.   Heard upon general demurrer to the
third plea at the September term, 1895, Orleans county,
START, J., presiding.   Demurrer sustained.   The defendant
excepts.

*Cook & Redmond* for the defendant.

The mortgagee cannot maintain trover against the mort-
gagor.   The statute gives him a special remedy which is
exclusive.   *Whiting* v. *Adams*, 66 Vt. 679; *Longey* v.
*Leach*, 57 Vt. 377; *Howard* v. *Witters*, 60 Vt. 278; *Staf-
ford* v. *Adair*, 57 Vt. 63; *Calkins* v. *Clement*, 54 Vt. 635;
*French* v. *Osmar*, 67 Vt. 427; *People* v. *Bristol*, 45 Mich.
28; *Kohl* v. *Lynn*, 34 Mich. 360; *Cary* v. *Hewitt*, 26
Mich. 228; *Flanders* v. *Chamberlin*, 24 Mich. 305; *Ran-
dall* v. *Higbee*, 37 Mich. 40; *Byrd* v. *Forbes*, 3 Wash. St.
318; *Chapman* v. *State*, 5 Ore. 432; *Roberts* v. *Hunt*, 61
Vt. 612; *Brattleboro* v. *Waite*, 44 Vt. 459; *Windham* v.
*Sprague*, 43 Vt. 502; *Newman* v. *Waite*, 43 Vt. 587.

*F. W. Baldwin* for the plaintiff.

The plaintiff was, at the time the defendant sold it, the absolute owner of the property and entitled to immediate possession. Hence he might maintain trover. *Longey* v. *Leach*, 57 Vt. 377; *Ingalls* v. *Vance*, 61 Vt. 584; *Roberts* v. *Hunt*, 61 Vt. 612,; *Parker* v. *Chase & Buck*, 62 Vt. 206; *Enright* v. *Dodge*, 64 Vt. 502; *Bank of Chelsea* v. *Fitts*, 67 Vt. 57; *Chamberlin* v. *Clemence*, 8 Gray, 389; *Ashmead* v. *Kellogg*, 23 Conn. 76.

TAFT, J. The only question in this case is, can the mortgagee, under a statutory chattel mortgage, after a breach of the condition, maintain trover against the mortgagor, for selling the mortgaged property? After breach of the condition a mortgagee is entitled to possession and can maintain trover for its conversion by one to whom the mortgagor sells it. *Longey* v. *Leach*, 57 Vt. 377. The defendant insists that the plaintiff cannot recover, for that V. S., s. 2265, provides an exclusive remedy, by a sale at public auction by an officer. It may be conceded that a sale under the statute is the only sale that can be made by the mortgagee, but it does not by any means follow that the mortgagor, if he converts the property by selling it, is not liable for the conversion. What remedy has the mortgagee, unless he can maintain an action of trespass or trover, if by converting it, the mortgagor puts it out of the power of the mortgagee to take it for the purpose of selling it? It is also claimed that the mortgagee has a remedy under V. S., s. 2262, by a prosecution of the mortgagor for selling the property without the mortgagee's consent, in which case if the respondent is convicted, the mortgagee receives one half of the penalty, of double the value of the property, but gets nothing if the respondent is acquitted. The action under s. 2262 is a penal one, *Adams* v. *Fitchburg R. Co.*, 67 Vt. 76, and was not intended to take away

the common law rights of the mortgagee, nor to compensate him for his damages, but as a just punishment of the mortgagor, for his wrongful act of selling the property, which is prohibited by the statute.

*Judgment affirmed and cause remanded.*