OLIVA CAMPBELL ET AL. *v.* I. C. BRYANT.

January Term, 1925.

Present:  WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 6, 1925.

*Waiver of Exception—Harmless Error—Chattel Mortgages— Chattel Mortgagor Selling Property Acquires No Additional Rights Against First Mortgagor by Taking Second Mortgage on Property—Trover—Demand—Decree of Foreclosure of Real Estate Mortgage to Show Condition Broken in Chattel Mortgage—Right of Chattel Mortgagee in Possession After Condition Broken to Sell Property—Purpose of G. L. 2801 et Sequor—Chattel Mortgagor's Title After Condition Broken.*

1.  Defendant's exception to denial of his motion for directed verdict at close of plaintiff's evidence is waived by thereafter proceeding with trial.

2.  Where defendant's motion for directed verdict at close of plaintiff's evidence should have been granted, any subsequent error in admission or rejection of evidence was harmless and would not work reversal of a judgment for defendant.

3.  Chattel mortgagors, selling personal property covered thereby to parties who assumed such mortgage and gave second mortgage to original mortgagors on same property for part payment of purchase price, do not thereby acquire any additional rights in property as against their first mortgage.

4.  Although mortgagee of personalty is entitled to possession of mortgaged property, when there is no agreement to the contrary, sale of such property by such mortgagee to third party

before condition of mortgage has been broken is tortious as to mortgagee under second mortgage on same property, condition of which had been broken prior to said sale, and renders first mortgagee liable in trover to second mortgagee.

5. Under such circumstances, no demand of property was necessary as prerequisite to suit for conversion.

6. Certified copy of decree of foreclosure of real estate mortgage securing payment of same note secured by chattel mortgage, *held* admissible to show condition of latter mortgage broken before mortgagee's sale of property covered thereby.

7. Chattel mortgagee in possession of property is not liable in trover to mortgagor, if he sells such property at private sale after condition broken, for whole title of property vests absolutely at law in mortgagee, upon condition broken, and plaintiff to prevail in trover must show actual possession of thing converted, or property in it, either general or special, with right of immediate possession.

8. Purpose of Legislature in enacting G. L. 2801, 2802, 2803, and 2805, relating to rights of chattel mortgagor to redeem property, and to sale thereof, was to fix certain time within which person entitled to redeem might act in lieu of "reasonable time" decided by Supreme Court to be rule shortly before statute's enactment, so as to provide for a speedy determination of his and mortgagee's rights in property.

9. Chattel mortgagor, after condition broken, has only equitable title to mortgaged property in possession of mortgagee, hence if mortgagee thereafter sells at private sale mortgagor's only remedy is in equity.

ACTION OF TROVER. Plea, general issue. Trial by jury at the September Term, 1923, Orleans County, *Thompson, J.*, presiding. Verdict for defendant and judgment thereon. The plaintiffs excepted. The opinion states the case. *Affirmed.*

*A. W. Farman* for the plaintiffs.

*Walter H. Cleary* for the defendant.

SLACK, J. This is an action of trover. The defendant had judgment below on a verdict directed at the close of all the evidence and the case comes here on plaintiffs' exceptions. These

exceptions are to the admission of evidence offered by the defendant, to the exclusion of evidence offered by the plaintiffs in rebuttal, and to the granting of defendant's motion for a verdict.

[1, 2]    At the close of plaintiffs' evidence, defendant filed a motion for a directed verdict on grounds hereinafter stated; the same was overruled and he was allowed an exception, but later proceeded with the trial.    By so doing he waived this exception. *Hobbs & Son* v. *Grand Trunk Ry. Co.*, 93 Vt. 392, 108 Atl. 199. Nor is it claimed otherwise.    But he insists, as a matter of law, that if this motion should have been granted, any subsequent error in the admission or rejection of evidence was harmless, and so, of course, would not work a reversal.    And such is the law. *Goupiel* v. *Grand Trunk Ry. Co.*, 96 Vt. 191, 118 Atl. 586, 30 A. L. R. 690, and cases cited.    So the merits of that motion stand at the very threshold of our inquiry.

When the plaintiffs rested, their evidence tended to show that in the summer of 1920 they sold the property in question to George Provencher and Alphonse Beliveau and took in part payment therefor a promissory note for $3,100.00, dated June 3, 1920, signed by both vendees, which note was payable $500.00 on or before three months from date, $100.00 on or before one year from date, and $100.00 on or before June 3 each year thereafter until said note was fully paid with interest annually at five per cent.; that to secure the payment of said note Provencher and Beliveau, on the date thereof, executed and delivered to the plaintiffs a chattel mortgage on the property in suit; that later Provencher and Beliveau sold said property to one Blais, who in turn sold it to one Poulin; that early in October, 1922, Poulin sold the property to the defendant as executor of one C. W. Bryant; that on October 10 the defendant sold and delivered possession of the same to one Rondeau; that at the time of the last sale the condition of plaintiffs' mortgage from Provencher and Beliveau had been breached by the nonpayment of the installment and interest due June 3, 1922; and that the property was then worth approximately $1,700.00.

More than this, it also appeared from the plaintiffs' evidence, namely, from their said mortgage, that at the time the same was given there was an outstanding prior mortgage on the same property for $10,400.00 given by the plaintiffs to the said C. W. Bryant, which Provencher and Beliveau assumed and

agreed to pay; and it appeared, too, that in what the defendant did concerning such property he was acting as executor as aforesaid, and under and by virtue of the latter mortgage and also under his purchase from Poulin.

The plaintiffs' evidence standing thus, the sufficiency thereof was challenged by the motion last referred to. The grounds of that motion, here material, may be summarized thus: The evidence shows that at the time of the alleged conversion the defendant was lawfully in possession of and had legal title to the property in question as executor of the first mortgagee; that that mortgage had not been paid; that no tender or demand is shown, and that such title as the plaintiffs have is purely equitable and their remedy is by way of bill to redeem and not in trover.

[3] We take no time in considering plaintiffs' rights under the Provencher and Beliveau mortgage since it is not apparent how they thereby acquired any additional rights in the property as against their prior mortgage to Bryant.

[4, 5] Although plaintiffs' evidence showed that defendant held a mortgage on said property under which, there being no agreement to the contrary, he was entitled to possession of the property (*Mason* v. *Sault,* 93 Vt. 412, 108 Atl. 267; *McLoud* v. *Wakefield,* 70 Vt. 558, 43 Atl. 179), it did not show that the conditions of that mortgage had been broken at the time of the sale to Rondeau without which such sale would be tortious and render the defendant liable in trover. *Davis* v. *Bowers Granite Co.,* 75 Vt. 286, 54 Atl. 1084. To the same effect are *Swift* v. *Moseley,* 10 Vt. 208, 33 A. D. 197, and *Grant* v. *King,* 14 Vt. 367. And in those circumstances no demand would be necessary. Hence the motion was properly overruled.

[6] After the motion was overruled, defendant offered in evidence a certified copy of a decree of foreclosure of a real estate mortgage given by the plaintiffs to C. W. Bryant to secure the payment of the same note described in their chattel mortgage to Bryant here in issue entered at the March Term, 1922, of the Orleans county court of chancery, for the purpose of showing the payments overdue and owing on the note at the time those proceedings were commenced; that such decree was obtained; the time allowed for redemption; and the value of the real estate fixed by the chancellor. To this offer plaintiffs' counsel said: ''I have no objection to the decree going in for the purpose of showing that there was a decree of foreclosure obtained at that

time and for the purpose of showing what was due at that time upon the note, but I do object to the decree being used for the purpose of being any evidence of the value of the real estate whatever."

Considering this evidence for a purpose for which it was virtually conceded to be admissible, it shows plaintiffs' failure to meet their payments on the note secured by the mortgage in issue, and consequently shows that the condition thereof was broken before the sale to Rondeau. Thus the link that was missing at the time the defendant filed his first motion was supplied.

[7] With this element established, we come to the question raised by defendant's motion for a directed verdict filed at the close of all the evidence, namely, whether a mortgagee who is in possession of the property is liable in trover to the mortgagor, if he sells it at private sale after condition broken. This question, we think, must be answered in the negative. The law is well settled, in this State that when the condition of a chattel mortgage is broken, title to the property vests absolutely *at law* in the mortgagee. Speaking of the effect of a chattel mortgage in *Mason* v. *Sault, supra,* we said: "It passed the general property to the plaintiff [the mortgagee]; and if the condition of the mortgage should not be duly performed, the whole title would then vest absolutely at law in the plaintiff subject to the defendant's right in equity to redeem."

It is not apparent how a mortgagor can maintain trover against a mortgagee for property, the "whole title" of which is vested "absolutely at law" in the latter, since the plaintiff to prevail in this form of action must show actual possession of the thing converted, or a property in it, either general or special, with the right of immediate possession. *Hurd* v. *Fleming,* 34 Vt. 169.

[8] The plaintiffs insist, however, that a mortgagee is liable in trover if he sells the mortgaged property in any other way than that provided by statute, G. L. 2803 *et seq.,* and rely upon *Calkins* v. *Clement,* 54 Vt. 635, and *Drew* v. *Drew,* 68 Vt. 70, 33 Atl. 1068, to support their claim. An examination of those cases, however, shows that the question before us was not involved in either of them, nor did they turn on the question of whether the method of foreclosure provided by statute was the only method still available to a mortgagee; hence they are not

entitled to the force claimed for them. Nor are we aware of any case where this question has been decided.

But the purpose of the statute seems plain when we have in mind certain questions that were before this Court shortly prior to its enactment, and the language of the original act. In *Blodgett* v. *Blodgett,* 48 Vt. 32, decided in 1875, it was held that a mortgagor of personal property, after condition broken, had an equity in the property that he might assert by way of bill to redeem if brought within a reasonable time. To the same effect is *Lavigine* v. *Naramore,* 52 Vt. 257, heard at the January Term, 1878. In the latter case, the Court said respecting the time within which a mortgagor must act: ''The orator not having been barred from an equity of redemption by foreclosure or sale, he has the right now to redeem unless he has lost it by lapse of time. While it is true that the right to redeem personal property which has been mortgaged may be lost by lapse of time, it is at the same time true that there is no rule of universal application prescribing the time within which the right must be asserted.'' In the fall of that year our chattel mortgage act was passed. Laws 1878, No. 51. Section 13 of that act, which is the substance of G. L. 2801, reads as follows: ''When the condition of any mortgage of personal property has been broken, the mortgagor, or any person holding under him, or a person holding a subsequent mortgage, may redeem the same by paying or tendering to the mortgagee the amount due on such mortgage, with all reasonable costs and expenses incurred by reason of such breach of condition, at any time before a sale thereof, or foreclosure and time of redemption expired, as hereinafter provided.'' Then follow provisions relating to a sale of the property and a disposition of the proceeds similar to those embodied in G. L. 2802, 2803, and 2805. While the words ''as hereinafter provided'' that appear in section 13 of the original act have been omitted (G. L. 2801), the effect of the statute remains unchanged.

The obvious intention of the Legislature was to fix a time certain within which a person entitled to redeem might act, in lieu of the ''reasonable time'' rule announced in the cases last cited, and provide a method for a speedy determination of his rights, as well as those of the mortgagee, in the property.

[9] Whether the method provided may be an exclusive remedy in any circumstances we do not decide. It is enough for

the purposes of this case to say that a mortgagee in possession who, after condition broken, sells the property in some other way is not liable to the mortgagor in trover for so doing. This necessarily follows from the fact that such mortgagor has no title at law, either general or special, in the property, neither has he possession or right of possession thereto. Such title as he has is purely equitable (*Mason* v. *Sault*) and can be availed of only in a court of equity. It follows that the action of the lower court in granting defendant's motion must be sustained. Since this disposes of the case, other exceptions saved need not be considered.

*Judgment affirmed.*